## TYLER *v.* HAYWARD.

1. FIXTURES—INTENTION OF OWNER.
   Scales, gasoline tank, and pump, installed by the owner of the realty with the intention that they become part thereof, became fixtures and were subject to the mortgage subsequently executed thereon.[1]

2. DEEDS—DEED TO REALTY CARRIES FIXTURES WITHOUT SPECIAL MENTION.
   A deed or mortgage of realty, in the absence of a contrary intention, will carry all fixtures belonging to the realty without any special mention being made of them in the conveyance.[2]

3. BANKRUPTCY—FIXTURES—MORTGAGES.
   That a trustee in bankruptcy regarded fixtures to the realty as chattels, *held*, without effect on the rights of the mortgagee whose security covered them as part of the realty.[3]

4. FIXTURES—PRESUMPTION THAT OWNER INTENDED FIXTURES TO BECOME REALTY.
   Where the owner of the realty installed scales, gasoline tank, and pump, the presumption followed that he intended they should become realty, and therefore the question as to whether they could be removed without injury to the realty is immaterial.[4]

Appeal from Lenawee; Hart (Burton L.), J.    Submitted June 9, 1926.    (Docket No. 41.)    Decided July 22, 1926.

Bill by Minta G. Tyler against Harry P. Hayward to enjoin the removal of certain fixtures.    From a decree dismissing the bill, plaintiff appeals.    Reversed, and decree entered for plaintiff.

---

[1]Fixtures, 26 C. J. § 111; [2]Id., 26 C. J. § 110; [3]Id., 26 C. J. §§ 4, 110; [4]Id., 26 C. J. §§ 1 (Anno), 14 (Anno).

As to whether platform scales are fixtures, see note in 13 A. L. R. 1458.

Storage tank or other apparatus of gasoline station as fixtures, see notes in 17 A. L. R. 1221; 36 A. L. R. 447.

*Theodore M. Joslin,* for plaintiff.

*Baldwin & Alexander,* for defendant.

McDONALD, J.   The plaintiff is the owner of 2½ acres of land in the village of Sand Creek, Lenawee county, Michigan.    On this land there is a frame store building, the upper story of which is used for dwelling purposes.    The property was originally owned by the Peters family.    Milford S. Peters conducted a store there.    The village of Sand Creek is unincorporated. Outside of what would be the sidewalk line there had been erected platform weigh scales and a gasoline tank and pump.    Milford S. Peters was a son-in-law of George W. Briggs.    On May 22, 1916, Briggs acquired title to the property.    Afterwards Milford was adjudged a bankrupt.    Briggs claimed that the scales, gasoline pump and tank were fixtures and belonged to him as owner of the real estate.    The bankruptcy court held otherwise, and sold them as chattels to one Charles L. Robertson, who later sold them by bill of sale to Briggs.    In September, 1916, Briggs conveyed the real estate to Nathan C. Naggs, who operated the store for a time and then went into bankruptcy.    The scales, gasoline pump and tank were set apart to him as exemptions.    He sold them by bill of sale to the defendant Harry P. Hayward. Claiming that the gasoline pump and scales were fixtures, the plaintiff, who had acquired title by the foreclosure of two real-estate mortgages, of which she was assignee, filed a bill to restrain the defendant from moving them.    On the hearing the circuit judge dismissed her bill.    From the decree entered, she has appealed.

The scales and the gasoline outfit were installed by the owner of the fee, Mr. Peters, and annexed to his land under circumstances that made them a part of the realty.    There was a unity of title which was

never severed by the owner. Having been made a part of the realty by Mr. Peters, they became subject to the mortgage lien which he subsequently gave on the land. This mortgage was assigned to the plaintiff and foreclosed by her. Included in the title which she thereby acquired were the fixtures in question. She also became the owner of a second mortgage given by George Briggs, who purchased the land by deed from Peters. This mortgage was foreclosed. When these mortgages were given both of the owners, Peters and Briggs, regarded the scales and gasoline pump and tank as fixtures. They were not specifically described in the mortgages or in the deed to Briggs. It was not necessary to describe them. They were annexed to the land as fixtures and passed with it.

"A deed or mortgage of realty, in the absence of a contrary intention, will carry all annexations although not expressly referred to." 19 Cyc. p. 1059.

"A mortgage of real property, as a general rule, carries as part of the security all fixtures belonging to the realty without any special mention being made of them in the conveyance." 1 Jones, Mortgages (7th Ed.), § 428.

While Briggs held title to the property, Peters went into bankruptcy. The trustee in bankruptcy held that the scales and gasoline equipment were chattels, and that Peters had not parted with his title to them by his conveyance to Briggs. They were then sold as chattels and were subsequently purchased by Briggs, who had always insisted and thereafter insisted that they were fixtures. He conveyed the land to Nathan C. Naggs. He gave no bill of sale of the fixtures, and if Naggs became the owner it was by reason of the fact that they passed with the deed to the land. Both parties apparently so considered it. Naggs went into bankruptcy. Again the trustee held that they were chattels and set them apart to the bankrupt as

exemptions.     He sold them by bill of sale to the defendant.

The action of the trustee in bankruptcy was without effect upon the rights of the mortgagee.     Her security covered the scales, gas pump and tank as fixtures. Their character as such had been fixed by the original owner of the fee, who gave the first mortgage.     His intention to make them a part of the realty was binding upon all others who afterwards acquired an interest in the property.     In fact no owner of the land has ever claimed that they were not fixtures.

There is some discussion in the briefs as to whether they could be severed without injury to the real estate.     That question would become important if they were put in by a tenant or some person other than the owner of the land.     Where the owner annexes them the presumption follows that he intended they should become realty.     Gates, Michigan Real Property, § 12.     The scales, gas pump and tank belong with the land to which they are annexed.     They were installed by the owner of the fee with that intention.     They now belong to the plaintiff.     She is therefore entitled to the relief prayed for in her bill.

The decree of the circuit judge is reversed.     In harmony with this opinion, a decree will be entered in this court.     The plaintiff will have costs of both courts.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.