Richard P. YOUNG, Audrey A. Young, and Young Investment Co., Inc., Appellants,

v.

IOWA DEPARTMENT OF TRANSPORTATION, Appellee.

No. 91–1106.

Supreme Court of Iowa.

Oct. 21, 1992.

---

William L. Meardon of Meardon, Sueppel, Downer & Hayes, Iowa City, for appellants.

Bonnie J. Campbell, Atty. Gen., David A. Ferree, Sp. Asst. Atty. Gen., and John W. Baty, Asst. Atty. Gen., for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, SNELL, and ANDREASEN, JJ.

SCHULTZ, Justice.

The issue on this appeal is whether underground gasoline storage tanks and the attached distribution system should be classified as personal property or real estate for condemnation purposes. The district court ruled that those items are a part of the real estate rather than personal property and are not eligible for relocation benefits. We affirm.

The facts are not in dispute. Plaintiffs Richard P. Young and Audrey A. Young are the owners of real estate along Highway 30. Plaintiffs are also the owners of Young Investment Co., Inc. which operates a convenience store, Dick's Short Stop, on the land. The business is associated with Standard Oil/Amoco and sells petroleum products.

In 1985, plaintiffs installed three 10,000–gallon gasoline tanks and a 500–gallon kerosene tank. These tanks, along with pipes, cables, and wires are buried underground and covered by cement. The gasoline pumps for the system are also attached to cement. The tanks are certified by the Iowa Department of Natural Resources as required by law.

In May 1990, the Iowa Department of Transportation sought to condemn plaintiffs' property. Plaintiffs petitioned the district court to enter a declaratory judgment ordering that these tanks and attached distribution system be classified personal property and trade fixtures rather than real estate. A favorable ruling would entitle plaintiffs to removal and relocation benefits under the Relocation Assistance Law, Iowa Code chapter 316.

Plaintiffs contend that this property should be appraised as personal in order for them to receive just compensation as required by the Fifth Amendment to the Constitution of the United States and section 18 of Article I of the Constitution of the State of Iowa. They point out that although other jurisdictions have decided that gasoline storage tanks are real property, these cases predate the passage of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. section 4601, and the Iowa version, chapter 316.

Plaintiffs urge that we consider federal and state relocation laws as we examine the issue of whether this property is personal or real property. However, nothing in federal or state relocation laws changes the character of property. *United States v. 19.7 Acres of Land*, 103 Wash.2d 296,

692 P.2d 809, 812 (1984). We conclude that this issue must be decided on the basis of established principles of property law.

We reviewed those principles in *Ford v. Venard*, 340 N.W.2d 270 (Iowa 1983). In *Ford*, we held that a mobile home placed on a foundation after the hitch and wheels were removed became an integral part of the real estate. In deciding this issue we stated:

Under our common law rule personal property becomes a fixture when:

(1) it is actually annexed to the realty, or to something appurtenant thereto;

(2) it is put to the same use as the realty with which it is connected; and

(3) the party making the annexation intends to make a permanent accession to the freehold.

The intention of the party annexing the improvement is the "paramount factor" in determining whether the improvement is a fixture. "[P]hysical attachment of the structure to the soil or to an appurtenance thereto is not essential to make the structure a part of the realty." On the other hand, a building which cannot be removed without destruction of a substantial part of its value becomes "almost unavoidably an integral part of the real estate...."

(Citations omitted). *Id.* at 271–72.

In *Tyler v. Hayward*, 235 Mich. 674, 209 N.W. 801 (1926), it was held that gasoline pumps and tanks were fixtures that became part of the real estate and transferred with the real estate in a sale. Although this litigation was between vendor and vendee, we note that condemnation law follows the law of sales. *Des Moines Wet Wash Laundry v. City of Des Moines*, 197 Iowa 1082, 1088, 198 N.W. 486, 489 (1924).

Our review of condemnation cases reveals that cumbersome equipment attached to real property is likely to be considered a part of the real estate. In condemnation proceedings against a restaurant operator, a federal court concluded that there is a tendency to treat heavy and bulky items, theoretically removable, as improvements to the premises. Compensation for these items should be paid by the condemnor in the original condemnation proceedings, rather than allowing a recovery for relocation benefits. *Vitale v. City of Kansas City, Mo.*, 678 F.Supp. 220, 223 (1988). In *United States v. Certain Property*, 344 F.2d 142, 149 (2d Cir.1965), the condemnor was held liable to pay for air-conditioning machinery because it was not removable without difficulty or loss in value. *See State v. Dockery*, 300 S.W.2d 444, 451 (Mo. 1957) (heavy machinery, storage tanks, and conveyors installed by condemnee in factory building became part of realty and element of damage in condemnation of property as whole).

In the present case, the trial court reviewed the facts and found that the petroleum distribution system was put to the same use as the realty and that plaintiffs intended to make the system a permanent part of the real estate. The court then concluded that the tanks and distribution system on plaintiffs' property were a part of the real estate. Our own review of the record compels us to agree with the trial court.

In summary, we hold that the tanks and distribution system should be classified as real estate rather than personal property.

AFFIRMED.