## Lucinda A. Robbins and another v. William B. Barron.

*Tax deeds: Statutory lien: Subsequent tax title: Statute construed.* A valid tax title outstanding in a third person for subsequent delinquent taxes, is a complete defense to the right of recovery under the statute (*Laws of 1865, p. 575*) giving to the holder of a tax-deed which has proved to be invalid a lien upon the land and a judgment against the owner for the amount of taxes paid by him, with interest; this statute is applicable to those cases only where it will affect none other than the person owning the lands when such taxes were assessed against them, and upon whom the duty was imposed of paying the taxes, and those claiming through him.

*Tax titles: Prior liens.* A tax title, if valid, destroys and cuts off all liens and encumbrances previously existing against the land, even homestead and dower rights, and no reason is perceived why this statutory lien should be favored or protected above others.

*Ejectment: Finding: Outstanding tax title: Prior liens.* A finding in an ejectment suit brought by one claiming under tax titles, that the lands were sold to the state for subsequent delinquent taxes, and that a third person became purchaser of the rights of the state therein, is a finding of an outstanding title in such third person, *prima facie* valid and free from all prior liens, and which is an effectual bar to the right of the plaintiff to recover under said statute.

*Heard April 22.　Decided April 27.*

Error to St. Clair Circuit.

*Atkinson, Hawley & Atkinson* and *Hoyt Post*, for plaintiffs in error.

*George E. Wasey* and *D. C. Holbrook*, for defendant in error.

MARSTON, J :

Barron commenced an action of ejectment in July, 1870, to recover possession of certain lands in St. Clair county. The cause was tried by the court without a jury, who found the facts, so far as is necessary to a decision of this case, to be as follows:

That the defendant, Lucinda A. Robbins, was the owner of the land in question by patent title from the United States under patent dated in 1836; that the plaintiff Barron had a number of tax titles upon said lands, all of which the court found to be invalid, because, for certain years, the lands were not subject to assessment, and for others, that the taxes were excessive or irregular; that Barron, besides having these tax titles, had paid the taxes upon these lands for the years 1857, 1858, 1859 and 1867; that the lands were sold October 7, 1871, for the taxes of 1869, to the state, and that on the twenty-third day of February, 1872, John Atkinson became the purchaser of the rights of the state therein. The court also found as conclusions of law, that the tax titles set up by the plaintiff being invalid, and the defendant, Lucinda A. Robbins, being the owner of the original title from the government, the defendant must have judgment for the land; that as to the taxes paid by the plaintiff since 1865, and the interest thereon, amounting to eleven hundred dollars and twenty-two cents, the plaintiff was entitled to recover under and in accordance with the provisions of *Act No. 281 of the Session Laws of 1865, p. 575.* And that the state deed to Atkinson for the taxes of 1869 was not a bar to such recovery, and judgment was so rendered.

We think the court erred in holding that the tax deed to Atkinson did not bar the plaintiff's right to recover. Section one of the act referred to provides that in all suits and con-

troversies involving the title to land claimed by either party under a conveyance executed by the auditor general, for the non-payment of the taxes assessed thereon, if such deed shall prove to be invalid for any cause other than such as are enumerated in section three of that act, the lien thereon for state, county and township taxes, or for either of them, or for any portion of either of them, which may have been rightfully assessed, shall not be discharged thereby, but shall remain in full force, and shall be transferred by said deed to, and vested in, the grantee therein named, his heirs and assigns, and the owner of such lands shall not thereby be acquitted from the payment of the taxes for which the same was sold, but the party in such action or controversy holding or claiming under such auditor general's deed shall be entitled to judgment or decree in the same action against the adverse party for the sum paid upon such sale for the purchase of said land, and for the sum of all taxes paid upon such lands, subsequent to such sale, by such purchaser, his heirs and assigns, with interest on each of said sums from the time of such payment at the rate of twenty-five per cent. per annum, and all legal costs, which judgment or decree may be enforced as in other cases, and shall remain a lien upon such land until paid, and the land, or so much thereof as shall be necessary, may be sold for the payment thereof.

We are of opinion that this section, giving the holder of an invalid tax deed a judgment against the owner of the land for the amount of taxes paid by him and creating a lien upon such land for the payment thereof, should be confined to cases where it will only affect the person owning the lands at the time such taxes were assessed against the same. It is the duty of any person owning lands to pay all taxes regularly assessed thereon, and if he does not, but permits the lands to be sold therefor, the purchaser, in case his title proves defective, is justly entitled to recover from such owner the amount thus paid for his benefit, and to have the same declared a lien upon the land as against such owner and those claiming through him. But if neither the owner or

person who has acquired a tax title to lands pays the taxes regularly assessed against the same, but permits the land to be sold therefor and a third person to become the purchaser, such purchaser should not be obliged to pay the amount of any such judgment or lien. He does not claim title through the person whose duty it was to pay the taxes, but adversely to him. Establish such a doctrine and very few would be willing to become purchasers at tax sales, thereby assuming the responsibility of paying large sums of money to relieve the land of such lien in order to reap the benefit of their purchase. It would tend to prevent competition at tax sales, and would, in cases where the lands were of but little value, be but an inducement to holders of tax deeds to neglect the performance of their duty of paying the taxes, and thus permit the lands to be sold in order that some third person purchasing the same would be compelled to pay them the amount they had previously expended, with twenty-five per cent. interest thereon.

To compel Atkinson to pay the amount of the lien in this case might render the title acquired by him worthless, or of but little value.

A tax title, if valid, destroys and cuts off all liens and encumbrances previously existing against the land. It cuts off homestead and dower rights, and we can see no reason therefore why a claim of this kind should be favored or protected.

The deed to Atkinson, *prima facie*, is valid and conveys to him title to the premises free from all liens, and is an effectual bar to the right of the plaintiff to recover. As this disposes of this case, it becomes unnecessary to discuss any of the other questions raised.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.