BOISSOIN *v.* GILLIE.

1. DEEDS—BUILDINGS—PRESUMPTIONS.

A dwelling built upon land presumptively goes with it upon conveyance thereof, in the absence of proof to the contrary.

2. TAXATION—BUILDINGS SUBSEQUENTLY PLACED ON LAND—FORE-CLOSURE OF TAX LIEN—TITLE PASSED.

While a building placed upon property after tax assessment was made was properly not reflected in the assessment, as it was a fixture it became real property and a part of the security upon which the assessment was a lien, hence, upon foreclosure of the lien, title to the building as well as the land passed to the State (1 Comp. Laws 1929, § 3429, as amended by Act No. 38, Pub. Acts 1934 [1st Ex. Sess.]).

3. ADVERSE POSSESSION—COLOR OF TITLE.

Color of title is that which in appearance is title, but in reality is no title.

4. TAXATION—REDEMPTION CERTIFICATE—COLOR OF TITLE.

Redemption certificate, issued by county treasurer long after title to land had vested in the State because of nonpayment of other taxes not included in the certificate, not being an instrument which even purported to convey any title, standing alone did not constitute color of title, since its purpose was merely to remove cloud on title excepted from warranty under previously-acquired warranty deed.

5. EJECTMENT—IMPROVEMENTS BY DEFENDANT—OCCUPANCY—COMMON LAW.

Occupancy of premises, as the term is used in statute permitting a defendant in an action of ejectment to recover increase in value of the premises by reason of buildings and improvements he has placed thereon, is such an occupancy as, under the rules of the common law, would entitle one to acquire a title by adverse possession (3 Comp. Laws 1929, § 14946).

6. Adverse Possession—Color of Title.

    An instrument to constitute "color of title" need not be valid as a muniment of title as the very term implies that it is not valid to pass title and if the instrument passes title or constitutes title, it is not color of title.

7. Ejectment—Color of Title—Improvements.

    In an action of ejectment, one cannot successfully claim for improvements under color of title where he has been deprived by tax sale of the title relied upon as color of title (3 Comp. Laws 1929, § 14946).

Appeal from Macomb; Noe (Alton H.), J. Submitted January 31, 1945. (Docket No. 57, Calendar No. 42,908.) Decided May 14, 1945. Rehearing denied June 29, 1945.

Ejectment by Charles B. Boissoin and wife against Andrew D. Gillie and wife for possession of real estate. Defendants make claim for improvements. Verdict and judgment for possession and for cost of improvements. Plaintiffs appeal. Reversed and remanded for entry of judgment.

*Macy E. Watkins* and *Hugh H. Neale,* for plaintiffs.

*Frank M. Kopietz,* for defendants.

Sharpe, J. This is an action of ejectment to recover possession of a parcel of land situated in the village of St. Clair Shores, Macomb county, Michigan, upon which is located a small unfinished building.

In 1936, defendants, Andrew D. Gillie and wife, acquired title to the property involved in this controversy by a deed dated December 11, 1936, which warranted title except as to past-due taxes and any liens or encumbrances against the property. As of April 30, 1941, defendants made certain payments amounting to $106.24 to the county treasurer and

received in return a redemption certificate which recites that ''the sum stated above was due and is paid for the redemption of the foregoing described tracts of land sold for taxes assessed in the county of Macomb for the years 1937–1935 to 1930 inclusive.'' The 1936 village tax was not paid at any time.

It is stipulated by the parties that the land was sold at the 1939 tax sale for the 1936 village tax; that the premises were bid in by the State of Michigan and by deed dated November 29, 1940, the property was conveyed by the auditor general to the State of Michigan by reason of nonredemption from the 1939 tax sale; and that by deed dated July 21, 1941, the State of Michigan conveyed title to the land to plaintiffs, Charles B. Boissoin and wife.

This property was vacant until the summer of 1938, at which time defendants moved a small five-room cottage upon the land. After May 2, 1941, they did some repair work on the building. At the time of the trial, the building was not tenantable as the plaster was in need of repair, the building needed rewiring, and the gas and electricity had not been connected. It is conceded that defendants have been in possession of this property continuously since 1936.

In October, 1942, plaintiffs brought an action of ejectment against defendants basing their title upon their deed from the State of Michigan. Defendants answered and did not question the regularity of the tax proceedings nor plaintiffs' right to possession based upon their deed from the State; but defendants alleged that the 1936 tax had been assessed against vacant property; that thereafter improvements had been made upon the property; and claimed the value thereof under 3 Comp. Laws 1929, § 14946 (Stat. Ann. § 27.1957).

At the close of all proofs, plaintiffs moved for a directed verdict on the grounds that they have title in fee; and that defendants have no rights in improvements that are on the property as they have failed to prove their possession was begun under color of title which was adverse to plaintiffs or their predecessor in title. This motion was denied.

The trial court held as a matter of law that plaintiffs were entitled to possession of the property; and that defendants were in possession under color of title within the meaning of 3 Comp. Laws 1929, § 14946, which provides:

"Whenever in any action of ejectment the plaintiff, or any one or more of the plaintiffs, if there be more than one, shall recover, or recover any undivided interest in the premises the defendant or defendants shall be allowed compensation in proportion to such recovery for buildings and improvements on the premises recovered, erected, or made by him or them, by any person through whom he or they claim title to the extent that such buildings and improvements shall increase the present value of said premises: *Provided,* The defendant or defendants, or the person through whom he or they claim title, shall have been in actual, peaceable occupation of the premises recovered, for six years before the commencement of the action: or *Provided,* the same shall have been so occupied for a less time than six years, under a color of title and in good faith."

The court instructed the jury to determine whether the improvements were made in good faith and to determine the value of the land with the improvements and the value of the land without the improvements.

The jury found plaintiffs entitled to possession, that the value of the premises by reason of improvements was $2,000 and that the value of the

premises without improvements was $100. Judgment was entered upon the verdict providing that plaintiffs make an election to abandon the premises to defendants and have a judgment against the defendants for $100 and costs, or to pay to defendants $2,000. Plaintiffs filed motion for new trial, which was denied.

Plaintiffs appeal and urge that their motion for a directed verdict should have been granted and they determined to be entitled to the possession of the lands and the building for the following reasons: (1) that real estate for the purposes of taxation includes land and buildings thereon; (2) that when the owners moved the building on the lands involved, such building became a part of the real estate for all purposes; (3) that the land and buildings became the property of the State of Michigan on tax sale; and (4) that the deed to plaintiffs from the State land office board vested a fee title in plaintiffs of the land and the buildings thereon.

Plaintiffs contend further that the trial court erred in holding that defendants occupied the premises under color of title; that defendants made no improvements under color of title; and that the court erred in permitting the jury to determine the value of the improvements.

We shall consider first whether the building as well as the land became the property of the State by the auditor general's deed dated November 29, 1940, based upon the 1939 tax sale for 1936 taxes.

The facts are undisputed that the building was moved on the premises in 1938; and that defendants did no repair work upon it until after May 2, 1941.

Defendants argue that the property being vacant at the time of the 1936 tax assessment, the State acquired title to the land only, by virtue of the fore-

closure of the tax lien, and not to the building which was moved upon the property *after* the assessment, therefore, title to the building did not pass to plaintiffs by virtue of their deed from the State.

·The record is silent of proof that the building after it was placed upon the land in question was treated by defendants as personal property. In *Tharp* v. *Allen,* 46 Mich. 389, this court held that, in the absence of proof to the contrary, a dwelling built upon land presumptively goes with the land. In *Rzeppa* v. *Seymour,* 230 Mich. 439, in reference to a house built upon posts and easily moved, the court said: ''Considering the purpose of the house as a permanent improvement, we think it became a part of the realty.'' See, also, *Tyler* v. *Hayward,* 235 Mich. 674.

Defendants' argument is based upon the theory that the tax statutes of this State indicate that in order to pass title to buildings and fixtures upon land on foreclosure of a tax lien, such fixtures must be reflected in the tax assessment upon which the foreclosure is based.

This question appears to be one of first impression in this State, although analogous questions arising upon mortgage foreclosures have been before this court. In *First National Trust & Savings Bank* v. *Smith,* 284 Mich. 579 (116 A. L. R. 1074), the issue was whether an easement for the benefit of certain property created subsequent to the giving of a mortgage on such property passed to the purchaser on foreclosure. The court there said:

''While no cases in this State have been cited, in which the exact question arose, a somewhat analogous situation was dealt with in *National Bank of Sturgis* v. *Levanseler,* 115 Mich. 372, and in *Sequist* v. *Fabiano,* 274 Mich. 643, where we held that fixtures annexed to the realty subsequently to the giv-

ing of the mortgage passed to the purchaser on foreclosure. An easement appurtenant, in this situation at least, is much like a fixture. The only difference is that the mortgagor cannot physically remove an easement, if he were legally allowed to do so. The mortgagor loses nothing that he might otherwise have if it be held that the easement passes to the purchaser at the foreclosure sale. The question has arisen in other States where it has been held that an easement acquired subsequently to the giving of the mortgage passes on foreclosure to the purchaser of the property.''

Counsel have not pointed out, nor have we been able to find, any interpretations of the tax statutes bearing upon this subject.

Section 3429, 1 Comp. Laws 1929, as amended by Act No. 38, Pub. Acts 1934 (1st Ex. Sess.) (Comp. Laws Supp. 1940, § 3429, Stat. Ann. § 7.81), of the general property tax law provides:

''The taxes thus assessed shall become at once a debt due to the township, city, village and county from the persons to whom they are assessed, and the amounts assessed on any interest in real property shall, on the first day of December, for State, county, village or township taxes or upon such day as may be heretofore or hereafter provided by charter of a city, become a lien upon such real property, and the lien for such amounts, and for all interest and charges thereon, shall continue until payment thereof.''

Properly, the building was not reflected in the 1936 tax assessment, but as it was a fixture it became real property with the meaning of that term as used in the tax statutes and, as such, a part of the security upon which the assessment was a lien. It follows that title to the building as well as the land passed upon foreclosure of the tax lien to the State and from the State to plaintiffs.

This leaves for consideration the question of whether under that part of section 14946 which provides that defendant shall be allowed compensation for improvements made by him provided, "the same shall have been so occupied for a less time than six years, and under a color of title and in good faith," plaintiff is liable for any repairs or improvements made upon the building. At the trial, defendant testified that after May 2, 1941, he put asbestos shingles on the outside of the building.

It is plaintiffs' claim that the court erred in holding that defendants occupied the premises under color of title; and that it erred in admitting in evidence defendants' deed of December 11, 1936, and the redemption certificate of May 2, 1941.

In *Miller* v. *Clark*, 56 Mich. 337, an ejectment case, this court held that an invalid sheriff's deed based upon a mortgage foreclosure, under which defendant claimed, was admissible for the purpose of showing color of title. The court there said:

"What constitutes color of title is a question of law for the court. The phrase has been variously defined by eminent judges, but none more accurately than by Judge Daniel, of the supreme court of the United States, in *Wright* v. *Mattison*, 18 How. (59 U. S.) 50, 56 (15 L. Ed. 280). He says: 'The courts have concurred, it is believed, without an exception, in defining color of title to be that which in appearance is title, but which in reality is no title.' In Sedgwick & Wait on Trial of Title to Land (1st Ed.), the authors have collected in chapter 30 the learning upon this subject, and it is not necessary to review the authorities here, as within all of them the deed offered in evidence was admissible for the purpose of showing that defendants' occupancy was under color of title. In *Hoffman* v. *Harrington*, 28 Mich. 90, 92, it was held that a tax deed, although

void, afforded color of title to one who had gone into possession of land thereunder.''

Irrespective of the legal effect of the redemption certificate issued by the county treasurer long after title to the land had vested in the State, it was not such an instrument as purported to convey a new title, or, in fact, any title. Standing alone it did not constitute color of title and considered in connection with the defendants' deed of 1936 its apparent purpose could be no more than to remove a cloud on title acquired under the deed.

This court has construed the term occupancy as used in section 14946 to mean ''such an occupancy as, under the rules of the common law, would entitle one to acquire a title by adverse possession.'' *Jones* v. *Merrill,* 113 Mich. 433 (67 Am. St. Rep. 475); *Sleight* v. *Roe,* 125 Mich. 585. See, also, *Whitehead* v. *Barker,* 288 Mich. 19.

In other jurisdictions, the question of color of title has frequently arisen in connection with the subject of adverse possession.

In *Crowder* v. *Doe, ex dem. Tennessee C. I. & R. R. Co.,* 162 Ala. 151 (50 South. 230, 136 Am. St. Rep. 17), that court said:

''An instrument to constitute 'color of title,' need not be valid as a muniment of title. If the instrument itself passes, or constitutes title, it is not color of title. It is in a sense the title itself. The very term implies that it is not valid to pass title.''

In *Shepherd* v. *Cox,* 191 Miss. 715, 731 (1 South. [2d] 495, 4 South. [2d] 217, 136 A. L. R. 1346), in reference to a rule applicable in that State pertaining to the extension of title to the limits of the description in the colorable instrument where there is actual adverse possession under color of title for a statutory period of a part of the land, the court said:

''Refuge is sought to be taken by appellees within the rule that one cannot successfully claim adverse

possession under color of title where he has deprived himself of the color relied upon by conveyance to another or has been deprived of the color of title relied upon by judgment or decree or by a sale under execution or under a power of sale given in a mortgage executed by claimant. 2 C. J. S., Adverse Possession, § 69, pp. 585, 586. And appellees say that a tax sale should be considered as within that rule.

"We may concede the force of that rule when the party relying on adverse possession has by his voluntary act conveyed the premises to another; for by this he has disclaimed the property and cannot then be in the attitude of claiming on the one hand and disclaiming on the other. And we may further concede that the rule will apply to any sale under a judgment or decree in a proceeding to which the adverse claimant has been a party; and we might go even further and concede that the rule would apply to a tax sale where the adverse claimant owned the land or some interest therein, at the time of the levy of the taxes for which the land was sold or was otherwise under a personal duty or obligation to the State to pay the taxes when the sale was made."

We do not adopt the language of that case as the law in this State. However, we believe that the reasoning therein is applicable to a claim for improvements under that part of the statute under consideration and hold the rule to be that one cannot successfully claim for improvements under color of title where he has been deprived by tax sale of the title relied upon as color of title.

The judgment is reversed and the cause remanded for entry of judgment in conformity with this opinion. Plaintiffs may have costs.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred.