OTTACO, INC v GUAZE

Docket No. 197138. Submitted September 10, 1997, at Detroit. Decided December 5, 1997, at 9:15 A.M.

Ottaco, Inc., brought an action in the Oakland Circuit Court against Marc A. and Deborah A. Gauze and Green Tree Acceptance, Inc., seeking to quiet title to real property and a mobile home thereon and for possession of the property. The mobile home had been purchased by the Gauzes under an installment contract, and the seller's security interest was assigned to Green Tree. The Gauzes built a concrete foundation on their lot and placed the mobile home thereon. The mobile home was assessed for tax purposes as part of the land. When the Gauzes did not pay their property taxes, Equivest Financial purchased the property by paying the delinquent taxes and was issued a tax deed. Equivest notified the Gauzes and Green Tree of the sale and their right to redeem the property. After the statutory redemption period expired without a redemption, Equivest conveyed its title to Ottaco by quitclaim deed and Ottaco brought this action. The court, Steven N. Andrews, J., granted summary disposition in favor of Ottaco. Green Tree appealed, alleging that the court erred in finding that the mobile home was a fixture and, even if it was, that Ottaco's tax sale purchaser's title did not extinguish Green Tree's prior security interest in the mobile home.

The Court of Appeals *held*:

1. The court properly determined that the mobile home became part of the real property. Notwithstanding the fact that the home eventually could be moved from its foundation to another location, the objective facts manifest the Gauzes' intent to make the mobile home a permanent accession to the realty. Because the mobile home became a fixture, title to both the mobile home and the real estate passed to Ottaco upon issuance of the tax deed.

2. Because Green Tree received the statutorily required notice and failed to redeem the property within the relevant six-month period, Ottaco's tax deed, by express and unequivocal operation of the tax statutes, extinguished Green Tree's prior undischarged lien.

Affirmed.

1. FIXTURES — REAL PROPERTY — TITLE.

> A fixture becomes part of the real property to which it is affixed; title to the fixture as well as to the land passes to a tax sale purchaser of the real property by virtue of the purchaser's tax deed from the state.

2. FIXTURES — REAL PROPERTY.

> Property is considered to be a fixture if it is annexed to the realty, its adaptation or application to the realty being used is appropriate, and there is an intention to make the property a permanent accession to the realty; the focus is on the intention of the annexor as manifested by the objective, visible facts, rather than the annexor's subjective intent; intent may be inferred from the nature of the article affixed, the purpose for which it was affixed, and the manner of annexation.

3. TAXATION — REAL PROPERTY — TAX SALES — TAX DEEDS — REDEMPTION.

> A tax deed issued by the state to a tax sale purchaser conveys an absolute title subject only to the taxes assessed and levied on the land after the taxes for which the land was bid off; this absolute title destroys and cuts off all previous liens and encumbrances; a property owner who loses property in a tax foreclosure sale or any person who holds a mortgage or other lien on the property is entitled to redeem the property from the tax sale purchaser within six months from the date the tax sale purchaser meets the statutory notice requirements; failure to timely redeem serves as an effective bar to a challenge of the validity of the tax sale purchaser's title (MCL 211.72, 211.140, 211.141, 211.142, 211.142a, 211.143; MSA 7.117, 7.198, 7.199, 7.200, 7.201, 7.202).

*Marc N. Drasnin,* for Ottaco, Inc.

*Fabrizio & Nicoletti, P.C.* (by *Paul J. Nicoletti* and *Joseph J. Fabrizio*), for Green Tree Acceptance, Inc.

Before: BANDSTRA, P.J., and MURPHY and YOUNG, JJ.

YOUNG, J. In this property dispute, defendant Green Tree Acceptance, Inc., appeals as of right from the trial court's order entered in favor of plaintiff Ottaco, Inc., quieting title to real property and a mobile home situated on that property. The trial court concluded that Ottaco's tax deed to the real property extin-

guished Green Tree's prior security interest in the mobile home. We affirm the trial court's decision.

I

In 1988, defendants Marc and Deborah Gauze purchased a "manufactured" home[1] under a retail installment contract from Mason Homes of Taylor, Inc. Mason Homes retained a security interest in the home that it then assigned to Green Tree. The Gauzes built a concrete foundation on their lot in Hazel Park on which they placed the mobile home. Pursuant to MCL 211.2a(1); MSA 7.2(1)(1), the Gauzes' mobile home was assessed for tax purposes as part of their land. The Gauzes did not pay their property taxes for tax year 1989.

Equivest Financial purchased the Hazel Park property by paying the delinquent taxes and was issued a tax deed on January 19, 1994. In April 1994, Equivest notified the Gauzes and Green Tree of the sale and their right to redeem the property by paying the amount Equivest paid for the purchase, plus an additional fifty percent, within six months from the date of return of service. See MCL 211.140; MSA 7.198. After the six-month period expired without a redemption, Equivest conveyed its title to Ottaco by quitclaim deed.

On August 3, 1995, Ottaco filed a lawsuit to quiet title and for possession of the property. Ottaco sought summary disposition pursuant to MCR 2.116(C)(9)

---

[1] While the dwelling in this case has been variously described in the record as a "manufactured home," a "modular home," and a "mobile home," we can determine no particular legal significance in any of these labels. Thus, for purposes of this opinion, we will adopt the term employed by the trial court and both parties on appeal and refer to the dwelling simply as a "mobile home."

(failure to state a valid defense) and (C)(10) (no genuine issue of material fact), claiming that it was entitled to judgment as a matter of law because neither the Gauzes nor Green Tree redeemed the property within the relevant six-month period. The trial court initially denied Ottaco's motion on the grounds that Ottaco failed to address whether the mobile home was a fixture on the property or personalty, and the effect of Green Tree's prior security interest.

Ottaco then filed a supplemental motion for summary disposition to address the trial court's concerns. In its supplemental motion, Ottaco presented evidence demonstrating that the mobile home possessed many of the attributes of a conventional dwelling, including several rooms, approximately 1,600 square feet of living space, and connections to gas, water, sewer, and electrical lines. Ottaco also presented evidence that the mobile home was located in a residential area and was surrounded on three sides by a fence. Ottaco argued that, because the mobile home became a fixture permanently attached to the land, Green Tree lost its security interest in the mobile home after failing to exercise its right of redemption within the relevant statutory period. The trial court agreed and granted summary disposition to Ottaco.

II

On appeal, Green Tree argues that the trial court erred in granting summary disposition to Ottaco because the mobile home was not a fixture, and, even if it was, Ottaco's tax sale purchaser's title did not extinguish Green Tree's prior security interest in the mobile home. On both issues, we disagree with Green Tree.

This Court reviews a motion for summary disposition de novo. *Stehlik v Johnson (On Rehearing)*, 206 Mich App 83, 85; 520 NW2d 633 (1994). As noted previously, Ottaco moved for summary disposition under both MCR 2.116(C)(9) and (C)(10). In granting Ottaco's motion, the trial court did not specify the basis for its decision. However, because the trial court clearly relied on materials outside the pleadings, we will review its decision under the standards applicable to MCR 2.116(C)(10). See *Butler v Ramco-Gershenson, Inc*, 214 Mich App 521, 524; 542 NW2d 912 (1995).

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual basis underlying a plaintiff's claim. *Radtke v Everett*, 442 Mich 368, 374; 501 NW2d 155 (1993). MCR 2.116(C)(10) permits summary disposition when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." Therefore, a court reviewing such a motion must consider the pleadings, affidavits, depositions, admissions, and any other admissible evidence in favor of the party opposing the motion, grant the nonmoving party the benefit of any reasonable doubt, and determine whether there is a genuine issue of disputed material fact. *Radtke, supra* at 374; *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994); *Marsh v Dep't of Civil Service (After Remand)*, 173 Mich App 72, 77-78; 433 NW2d 820 (1988).

In *Boissoin v Gillie*, 311 Mich 358, 362-364; 18 NW2d 855 (1945), our Supreme Court held that, under Michigan's tax statutes, a fixture becomes part of the real property and that title to the fixture as

well as the land passes to a tax sale purchaser by virtue of his tax deed from the state. See also *Lowrie & Webb Lumber Co v Ferguson*, 312 Mich 331, 337-338; 20 NW2d 209 (1945). Therefore, before determining whether Green Tree's security interest in the mobile home was extinguished by Ottaco's tax deed, we must first address Green Tree's claim that the trial court erred in determining that the mobile home was a permanent fixture on the land.

### A. FIXTURE

Property is considered to be a fixture if (1) it is annexed to the realty, (2) its adaptation or application to the realty being used is appropriate, and (3) there is an intention to make the property a permanent accession to the realty. *Wayne Co v Britton Trust*, 454 Mich 608, 610; 563 NW2d 674 (1997). The focus is on the intention of the annexor as manifested by the objective, visible facts, rather than the annexor's subjective intent. *Id.* "Intent may be inferred from the nature of the article affixed, the purpose for which it was affixed, and the manner of annexation." *Id.* at 619.

On the basis of the undisputed facts presented below, we conclude that the trial court correctly determined that the mobile home in question became part of the real property. The Gauzes had ownership interests in both the mobile home and the land on which it is located. The mobile home was annexed by way of a concrete slab foundation. It has all the attributes of a conventional, permanent dwelling, including a porch, as well as connections to gas, electric, sewer, and water lines. In every respect, the mobile home was integrated with and adapted to the

use of the real property, which property was zoned for single-family residential use. Notwithstanding the fact that the home could be eventually moved from its foundation to another location, the objective facts manifest the Gauzes' intent to make the mobile home a permanent accession to the realty.[2] Accordingly, because the mobile home became a fixture, title to both the mobile home and the real estate passed to Ottaco upon issuance of the tax deed.

### B. TAX SALE

Turning next to the question whether Green Tree's prior security interest in the mobile home was extinguished by Ottaco's tax deed, we conclude that it was. A tax deed issued by the state to a tax sale purchaser conveys an "absolute title," subject only to the "taxes assessed and levied on the land subsequent to the taxes for which the land was bid off." MCL 211.72; MSA 7.117. This absolute title destroys and cuts off all previous liens and encumbrances. *Robbins v Barron*, 32 Mich 36, 39 (1875). However, a property owner who loses his property in a tax foreclosure

---

[2] Importantly, Green Tree does not attack the factual predicate that plaintiff has established regarding the attachment of the mobile home to its current site or the apparent permanency of that attachment. Rather, Green Tree, relying on a document entitled "Landlord's Waiver," which was signed by the Gauzes and Green Tree, argues that the mobile home remained personal property because the Gauzes were contractually bound *to prevent* the mobile home from becoming a fixture. That waiver provided that "the collateral is not a part of the premises and will not be attached or become a part of the premises during the time this waiver is in effect."

While the Gauzes may have violated the terms of the waiver, we conclude that the waiver is not dispositive of the issue whether the mobile home actually became a fixture. As noted, the legally relevant undisputed facts in this record show that the Gauzes permanently affixed their mobile home to the land.

sale is entitled to redeem that property from the tax sale purchaser within six months from the date the tax sale purchaser meets the statutory notice requirements contained in MCL 211.140; MSA 7.198. *Halabu v Behnke*, 213 Mich App 598, 602; 541 NW2d 285 (1995); MCL 211.141; MSA 7.199. This statutory right of redemption also extends to any person who holds a mortgage or other "lien on the property." MCL 211.141(1)(e); MSA 7.199(1)(e).

If a person entitled to redeem the property fails to do so within thirty days after the expiration of the six-month redemption period, the county treasurer must record a copy of the notice and proof of service required under MCL 211.140; MSA 7.198, which record "shall be prima facie evidence in all courts and tribunals that the purchaser is the owner of the land under the purchase." MCL 211.142a; MSA 7.201. Finally, MCL 211.143; MSA 7.202 provides:

> Every person personally served with the notice provided for by [MCL 211.140, 211.141, 211.142; MSA 7.198, 7.199, 7.200], and every person lawfully chargeable with such notice by registered mail, as provided for in said act, together with the heirs, executors, administrators or assigns of such persons, who shall refuse or neglect to pay or tender to the purchaser as aforesaid, the sum provided for in said act within the time therein limited, and who shall have neglected within the said six months to commence suit to set aside the said tax deed, *shall thereafter be barred from questioning the validity of such tax title or tax deed mentioned therein.* [Emphasis added.]

In other words, failure to timely redeem serves as an effective bar to a challenge of the validity of the tax sale purchaser's title. *Price v Stark*, 259 Mich 407,

413-414; 243 NW 244 (1932); *Chandler v Clark*, 151 Mich 159, 183; 115 NW 65 (1908).

The parties agree that Green Tree reserved and perfected a security interest in the mobile home according to the provisions of the Mobile Home Commission Act, MCL 125.2301 *et seq.*; MSA 19.855(101) *et seq.* A "security interest" is nothing more than a "[l]ien created by an agreement." Black's Law Dictionary (6th ed), p 1357; see also *In re Sabec*, 137 Bankr 659, 667 (WD Mich, 1992). Because the mobile home became a permanent part of the real estate, Green Tree, as the holder of an undischarged lien on the property, was entitled to notice of the tax sale and a six-month redemption period. MCL 211.141; MSA 7.199. Green Tree does not dispute that it was given such notice. Consequently, because Green Tree neglected to redeem the property within the relevant six-month period, Ottaco's tax deed, by express and unequivocal operation of the tax statutes, extinguished Green Tree's prior undischarged lien.[3] Therefore, we conclude that the trial court properly granted summary disposition to Ottaco.

Affirmed.

---

[3] Green Tree maintains that its security interest in the mobile home as a fixture has priority over Ottaco's "tax lien" under the Uniform Commercial Code (UCC), MCL 440.1101 *et seq.*; MSA 19.1101 *et seq.* See MCL 440.9313(4)(b); MSA 19.9313(4)(b). We reject this argument because Ottaco does not possess a tax "lien." Rather, as stated previously, Ottaco received a tax deed representing *absolute title* to the property, subject only to the right of redemption contained in MCL 211.141; MSA 7.199. Green Tree has not cited any authority for its claim that Article 9 of the UCC, MCL 440.9101 *et seq.*; MSA 19.9101 *et seq.*, supersedes the specific statutory provisions relating to sales of real property for the nonpayment of taxes.