In re Damon J. KROSKIE and Regina M. Kroskie, Debtors.

James W. Boyd, Trustee, Plaintiff,

v.

Chase Manhattan Mortgage Corporation, a Delaware corporation, Defendant.

Bankruptcy No. ST 99–09275. Adversary No. 00–88139.

United States Bankruptcy Court, W.D. Michigan.

Feb. 7, 2001.

Michael P. Corcoran, Traverse City, MI, for debtors.

James W. Boyd, Stowe Darling & Boyd, Traverse City, MI, Chapter 7 Trustee.

## OPINION

JO ANN C. STEVENSON, Bankruptcy Judge.

Chapter 7 Trustee, James W. Boyd, (Trustee) filed an adversary proceeding seeking to avoid Chase Manhattan Mortgage Corporation's (Chase Manhattan) lien on a mobile home owned by the Debtors; to preserve the property for the bankruptcy estate under 11 U.S.C. § 551; and to recover payments made ninety days prior and subsequent to the bankruptcy.

The Trustee filed a Motion for Summary Judgment as to Count I of his complaint arguing that Chase Manhattan failed to perfect its security interest in the mobile home thereby rendering its interest subject to that of the Trustee under 11 U.S.C. § 544. Chase Manhattan filed a Cross–Motion for Summary Judgment requesting

that the Court find that the mobile home is a fixture and that its lien is not avoidable.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and (K). Accordingly, we are authorized to enter a final judgment subject to the appeal rights afforded by 28 U.S.C. § 158 and Fed.R.Bankr.P. 8001 et seq.

*Facts*

Damon and Regina Kroskie (Kroskies or Debtors) own a 1997 Four Seasons mobile home situated on real property which they also own. Prior to filing Chapter 7 on November 18, 1999, the Kroskies refinanced their real property and mobile home by borrowing $80,000 from R–B Financial Mortgages Inc. (R–B Financial).

In order to secure the debt, R–B Financial was given a mortgage in the Debtor's real property which R–B Financial eventually assigned to Chase Manhattan. Both the mortgage and the assignment were filed on January 21, 1999.

Chase Manhattan claims a security interest in both the mobile home and the real property arguing that the mortgage included all improvements and fixtures erected on the property. At the time of the mortgage, the mobile home was situated on a full cement block crawl space foundation affixed to the real property. Prior to the execution of the mortgage an appraisal reported that the mobile home was connected to electrical lines, a private well and septic system.

The Trustee maintains that M.C.L.A. § 125.2330d requires a party having a security interest in a mobile home to perfect its interest by causing an application for mobile home title, listing itself as a secured party, to be filed with the Michigan Department of Commerce. Since neither R–B Financial nor Chase Manhattan caused an application to be filed, its interest in the mobile home was not properly perfected as of November 18, 1999 and therefore may be set aside by the Trustee pursuant to 11 U.S.C. § 544.

Chase Manhattan counters that under Michigan law, a mobile home may lose its "mobile" nature and become a fixture. Consequently, Chase Manhattan claims that it is not required to file an application with the Michigan Department of Commerce under the Mobile Home Commission Act because the mobile home was no longer a "mobile home" when it became a fixture. Chase Manhattan also contends that under the Uniform Commercial Code as adopted and codified in M.C.L.A. § 440.9313, its security interest in the mobile home was properly perfected with the recording of the mortgage and assignment.

*Standard for Summary Judgment*

Summary Judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Bankr.P. 7056. The summary judgment rule requires that the disputed facts be material, that is, facts which are defined by substantive law and are necessary to apply the law. The rule also requires that the dispute be genuine. A dispute is genuine if a reasonable jury could return a judgment for the nonmoving party. *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "Only disputes over the facts that might affect the outcome of the suit under the governing law will preclude the entry of a summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The court must draw all inferences in a light most favorable to the nonmoving party but the court may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Agristor Financial Corp. v. Van Sickle,* 967 F.2d 233, 236 (6th Cir.1992) (quoting *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,*

475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

*Discussion*

 In order to determine whether property is a fixture, "the intention of the annexor as manifested by objective, visible facts must be considered." *Ottaco, Inc. v. Gauze,* 226 Mich.App. 646, 574 N.W.2d 393 (1997). "Intent may be inferred from the nature of the article affixed, the purpose for which it is affixed, and the manner of annexation." *Wayne Co. v. William G. and Virginia M. Britton Trust,* 454 Mich. 608, 563 N.W.2d 674 (1997). "Property is considered to be a fixture if: 1) it is annexed to the realty; 2) its adaptation or application to the realty being used is appropriate; and 3) there is an intention to make the property a permanent accession to the realty." *Wayne Co.,* 454 Mich. at 610, 563 N.W.2d at 674.

 The undisputed facts presented by Chase Manhattan and the Affidavit of Scott Lowe, Appraiser, G.R.I.,[1] are that "the manufactured home was affixed to the . . . real property via a permanent cement block, crawlspace foundation." Affidavit of Scott Lowe, ¶ 5. The mobile home was "also connected to public electrical lines, a private well and septic system." Affidavit at ¶ 6. In addition, the manufactured home was "connected to a 12′ by 16′ deck . . ." Affidavit at ¶ 7.

Consequently, we find that the mobile home was annexed to, integrated with and adapted to the real property for use as a residence. Even though the home could possibly be moved from its foundation, the objective facts manifest the Debtors' intent to make the mobile home a permanent accession to the realty. Accordingly, the mobile home is a fixture on the real property.

Chase Manhattan argues that by virtue of U.C.C. § 9–402(6), a title is not required for the Debtors' mobile home because per-fection of a security interest in a fixture on real property is accomplished by properly recording the mortgage of the real property on which the fixture is attached.

 However, M.C.L.A. § 125.1101 et seq., commonly known as the Michigan Mobile Home Commission Act, applies specifically to mobile homes. Under this Act, a creditor having an interest in the mobile home is required to file an application for mobile home title showing its lien. M.C.L.A. § 125.330d(1).

 Generally, when two statutes conflict and one is specific to the subject matter while the other is only generally applicable, the specific statute prevails. *Frank v. William A. Kibbe & Associates, Inc.,* 208 Mich.App. 346, 527 N.W.2d 82 (1995). The Michigan Court of Appeals in *Whitcraft v. Wolfe,* 148 Mich.App. 40, 384 N.W.2d 400 (1985) applied the principle that a specific and particular act governs a general act when the acts are contemporaneous and involve the same subject matter.

 Although the general rule is that an interest in a fixture may be perfected under the U.C.C. by applying the procedures of Michigan real estate law, the general rule will not govern where a specific law exists and is applicable. *In re Benck-er,* 122 B.R. 506, 510–11 (Bkrtcy. W.D.Mich.1990), The Honorable Laurence E. Howard found that "the specific provisions of the Mobile Home Commission Act dictate how legal ownership is transferred, and it governs over the more general provisions of the Uniform Commercial Code." We find the same conclusion applies with the perfection requirements.

Nor is this finding contrary to *Ottaco, Inc. v. Gauze,* 226 Mich.App. 646, 574 N.W.2d 393 (1997), relied upon by Chase Manhattan. In *Ottaco,* the Court held that the mobile home was a fixture, but acknowledged that the creditor's lien on the mobile home was properly perfected under

---

1. Exhibit C to Brief in Opposition to the Trustee's Motion for Summary Judgment as to Count I of Plaintiff's Complaint and In Support of Chase Manhattan Mortgage Corporation's Motion for Summary Disposition Against the Plaintiff/Trustee.

the Mobile Home Commission Act. The creditor ultimately lost its case, not because its lien was not recognized, but because the creditor had failed to pursue its redemption rights.

In *Barefield v. Atlantic Financial Federal (In re Baum),* Case No. GK90–82709 (Bankr.W.D.Mich.1991) the Court also concluded that the mobile home was a fixture and found that the perfection requirements under the Michigan Mobile Home Commission Act, override the more general Uniform Commercial Code. "If a creditor perfects under the Mobile Home Statute, the perfection would prevail, notwithstanding a subsequent change of the personal property into a fixture." *Barefield,* p. 18, Ln. 4–6.

Accordingly, we conclude that although the mobile home became a fixture on the real estate, the Michigan Mobile Home Commission Act requires, without exception, that a party claiming to hold a security interest in a mobile home must cause an application to be filed with the Michigan Department of Commerce listing itself as a secured party. The alleged lien of Chase Manhattan is therefore avoidable by the Trustee.