CONSECO FINANCE SERVICING CORP., f/k/a Green Tree Financial Servicing Corporation, Appellant–Defendant,

v.

OLD NATIONAL BANK, f/k/a Bank of Western Indiana, Appellee–Plaintiff.

No. 23A01–0101–CV–1.

Court of Appeals of Indiana.

Aug. 30, 2001.

William F. Thompson, Indianapolis, IN, Attorney for Appellant.

Lawrence R. Wheatley, Danville, IN, Attorney for Appellee.

## OPINION

MATHIAS, Judge

Conseco Finance Servicing Corporation ("Conseco") appeals the trial court's entry of summary judgment in favor of Old National Bank ("the Bank"). Conseco raises one issue on appeal, which we restate as: whether Conseco's security interest in the manufactured home was perfected and superior to the Bank's interest.

We reverse and remand.

### Facts and Procedural History

Walter J. Holliman was the owner of real property located in Fountain County, Indiana. In 1995, the Bank loaned money to Holliman, and payment of the loan was secured by a mortgage on Holliman's real estate. The mortgage contract stipulated that the Bank's security interest in Holliman's real estate extended to fixtures annexed to the real estate after the Bank's mortgage attached. The Bank recorded its mortgage in the Fountain County Recorder's Office.

On August 28, 1997, Holliman purchased a 1996 Commodore CMR manufactured home from Garling & Shafer Enterprises ("Seller"). The manufactured home retail installment contract, signed by Holliman, granted Seller a security interest in the manufactured home. Seller's security interest was then assigned to Conseco (formerly known as Green Tree Financial Servicing Corporation). Holliman placed the manufactured home on his real estate, which was subject to the Bank's mortgage. Two months later, on November 4, 1997, the Indiana Bureau of Motor Vehicles issued a certificate of title for Holliman's manufactured home indicating Holliman as owner and Conseco as the first lienholder.

Two years later, Holliman defaulted on his contract with Conseco. On November 12, 1999, Conseco filed a two-count complaint for replevin and judgment on contract and for a decree foreclosing the security agreement against Holliman in Fountain Circuit Court. In its complaint, Conseco requested prejudgment possession of the manufactured home, foreclosure of its security agreement, judgment for the amount due on the contract, and sale of the home with proceeds to be applied to the judgment for deficiency.

On December 21, 1999, Conseco filed a motion for a prejudgment order for immediate possession of the manufactured home. The next day, Holliman filed a Chapter 7 Bankruptcy Petition which stayed the proceedings in the trial court. On February 9, 2000, the Bankruptcy Court granted a lift of stay which allowed Conseco to proceed against Holliman in state court. A hearing was set for March 31, 2000.

On March 1, 2000, the Bank moved to intervene in Conseco's foreclosure action claiming a superior interest in Holliman's manufactured home by virtue of its real estate mortgage in Holliman's real property. Conseco opposed the motion, but the trial court allowed the Bank to intervene. Sometime before March 31, 2001, Holliman surrendered the manufactured home to Conseco, which Conseco repossessed and sold. Conseco then moved to withdraw its motion for prejudgment possession of the manufactured home, which was granted.

On May 1, 2000, the Bank filed a cross-claim requesting damages and foreclosure of its mortgage on Holliman's real estate. The Bank also claimed a superior interest in the manufactured home subject to its mortgage because it was affixed to the real estate. Additionally, the Bank claimed damages from Conseco for conversion of the manufactured home.

On July 27, 2000, Conseco filed a motion for summary judgment, asking the trial court to determine, as a matter of law, that it was entitled to foreclosure of its security interest and to prejudgment possession of Holliman's manufactured home. Conseco also requested summary judgment on the issue of whether the Bank had any legal interest in Holliman's manufactured home that would prevent Conseco from repossessing it. The Bank filed a response and cross-motion for summary judgment asking the trial court to determine, as a matter of law, that it was entitled to judgment against Holliman on its real estate mortgage. The Bank requested that the trial court determine that it was entitled to foreclosure of its mortgage lien against Holliman's manufactured home because it was a fixture. Also, the Bank argued that its prior mortgage lien was superior to Conseco's purchase money security interest, and that it was entitled to damages from Conseco for conversion of the manufactured home.

The trial court granted summary judgment in favor of the Bank on all issues. Therefore, the trial court found that Conseco's repossession of the manufactured home was improper and ordered Conseco to return it to the real estate within thirty days of the court's order. This appeal ensued.

### Standard of Review

When reviewing a grant of summary judgment, we apply the same legal standard as the trial court. *Peele v. Gillespie*, 658 N.E.2d 954, 957 (Ind.Ct.App. 1995), *trans. denied.* "[S]ummary judgment is only appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Duffy v. Ben Dee, Inc.*, 651 N.E.2d 320, 322 (Ind.Ct.App.1995), *trans. denied;* Ind. Trial Rule 56(C). The standard of review is not altered by cross-motions for summary judgment. *Indiana*

*Patient's Comp. Fund v. Wolfe,* 735 N.E.2d 1187, 1190 (Ind.Ct.App.2000), *trans. denied.* Where the relevant facts are not in dispute and the meaning of a statute is at issue, disposition by summary judgment is particularly appropriate. *Id.* at 1191. We will reverse when the trial court has incorrectly applied law to undisputed facts in deciding a summary judgment motion. *Mapleturn Utilities, Inc. v. Foxcliff South Associates, Inc.,* 673 N.E.2d 5, 12 (Ind.Ct.App.1996), *trans. denied.*

### Discussion and Decision

■ Conseco argues that the trial court erred when it granted the Bank's motion for summary judgment because Conseco's purchase money security interest in the manufactured home was perfected and superior to the Bank's interest. In support of its argument, Conseco relies on Indiana Code section 9–17–6–7, which provides:

> A security agreement covering a security interest in a manufactured home that is not inventory held for sale may only be perfected by indicating the security interest on the certificate of title or duplicate certificate of title for the manufactured home issued by the bureau.

In addition to section 9–17–6–7, Conseco relies on Indiana Code section 26–1–9–302(3)(b), which provides:

> (3) The filing of a financing statement otherwise required by 26–1–9 is not necessary or effective to perfect a security interest in property subject to: ... (b) IC 9–17 concerning motor vehicles, including IC 9–17–6 concerning manufactured homes, ...

The Bank argues that our Court's decision in *Citizens Bank of Michigan City v. Hansom,* 497 N.E.2d 581 (Ind.Ct.App. 1986), controls. In *Citizens Bank,* this court held that noting a security interest on the certificate of title to a mobile home was not a proper method of perfection. *Id.* at 584. In reaching its conclusion, we noted the absence of any Indiana statute providing for the central filing of security interests in mobile homes. *Id.* at 583. Also, we stated that Indiana law did not require individuals who owned mobile homes to obtain a certificate of title. However, in 1987, the General Assembly enacted such a requirement in Indiana Code section 9–1–2–6.[1] Later, in 1991, the General Assembly adopted section 9–17–6–7, set forth above and upon which Conseco relies.

The Bank recognizes that section 9–17–6–7 supersedes our holding in *Citizens Bank* regarding the perfection of security interests in manufactured homes, but argues that section "9–17–6–7 did not overrule the balance of *Citizens Bank of Michigan City's* holding and/or analysis as to determination of a manufactured home's status as a fixture and/or the corresponding perfection method(s) of security interests therein." Appellee's Brief at 14. In support of its argument, the Bank cites *Bartrom v. Adjustment Bureau Inc.,* 618 N.E.2d 1, 10 (Ind.1993), in which our supreme court observed:

> When the legislature enacts a statute in derogation of the common law, this Court presumes that the legislature is aware of the common law, and does not intend to make any change therein beyond what it declares either in express terms or by unmistakable implication. In cases of doubt, a statute is construed as not changing the common law.

(internal citations omitted).

■ However, abrogation of the common law is implied where a statute is

---

1. Section 9–1–2–6 required owners of manufactured homes to obtain a certificate of title. That same statute provided that indicating a security interest on the certificate of title was the only way to perfect it. This section was repealed and replaced by section 9–17–6 in 1991.

enacted which undertakes to cover the entire subject treated and is clearly designed as a substitute for the common law. *Irvine v. Rare Feline Breeding Ctr., Inc.,* 685 N.E.2d 120, 123 (Ind.Ct.App.1997), *trans. denied.* Section 9–17–6–7 plainly states that a security interest in a manufactured home "may only" be perfected by notation of the security interest on the certificate of title. The statute is not ambiguous. We agree with Conseco that, in accordance with section 9–17–6–7, a security interest in a manufactured home is perfected when it is indicated on the certificate of title issued by the Bureau of Motor Vehicles.

The Bank also argues that as soon as the manufactured home became a fixture, Conseco was required to perfect its security interest by recording a fixture filing in the Fountain County Recorder's Office. In response, Conseco argues that its compliance with section 9–17–6–7 was all that was required, and the fact that the manufactured home ultimately became a fixture did not affect its perfected security interest reflected on the title.

■ The Bank's argument raises a problem unique to the nature of manufactured homes. When purchased from a retail establishment, the manufactured home is a "good," and clearly moveable; but once placed on real estate, attached to a foundation, and connected to utilities, it becomes a fixture.

In *In re Kroskie,* 258 B.R. 676 (Bankr. W.D.Mich.2001), the Bankruptcy Court for the Western District of Michigan discussed these issues. In that case, the Kroskies owned real property and a mobile home situated on it. *Id.* at 678. They refinanced their real property and mobile home, borrowing $80,000 from R–B Financial Mortgages, and the mortgage was assigned to Chase Manhattan Mortgage Company. *Id.* The Kroskies filed bankruptcy and during the bankruptcy proceeding Chase Manhattan claimed to have a security interest in the mobile home by virtue of its assigned mortgage. *Id.*

The bankruptcy court held that even though the mobile home was a fixture, Chase Manhattan did not perfect its security interest in the mobile home because it did not file an application for a mobile home title indicating its lien as required by the Michigan Mobile Home Commission Act. *Id.* at 679. The court stated that although an interest in a fixture may generally be perfected under the U.C.C., the general rule will not govern where a specific, applicable law exists. *Id.* "If a creditor perfects under the Mobile Home Statute, the perfection would prevail, notwithstanding a subsequent change of the personal property into a fixture." *Id.* at 680 (quoting *Barefield v. Atlantic Financial Federal* (In Re Baum), Case No. GK90–82709, p. 18, Ln. 4–6 (Bankr. W.D.Mich.1991)).

Also recognizing that this issue could commonly arise, in 2000, the General Assembly enacted Indiana Code section 26–1–9.1–334(e)(4), which provides:

A perfected security interest in fixtures has priority over a conflicting interest of an encumbrancer or owner of the real property if: (4) the security interest is: (A) created in a manufactured home in a manufactured-home transaction; and (B) perfected pursuant to a statute described in IC 26–1–9.1–311(a)(2).

Indiana Code section 26–1–9.1–311(a)(2) states that the filing of a financing statement is not necessary or effective to perfect a security interest in mobile homes where the security interest is indicated on the certificate of title as provided by statute.[2]

---

**2.** Sections 26–1–9.1–334(e)(4) and 26–1–9.1– 311(a)(2) took effect on July 1, 2001.

Section 26–1–9.1–311(a)(2) is similar to section 26–1–9–302(3)(b), which is set forth above and was in effect during the relevant time period discussed in this case. Like new section 311(a)(2), section 302(3)(b) also states that the filing of a financing statement is not necessary or effective to perfect a security interest in property subject to Indiana Code section 9–17–6, concerning manufactured homes.

Although this matter arose before sections 26–1–9.1–334(e)(4) and 26–1–9.1–311(a)(2) were enacted, we believe that if the entity financing the purchase of a mobile home applies for and receives a certificate of title pursuant to Indiana Code section 9–17–6–7, which reflects its lien, its security interest is perfected and has priority over any contrary security interest arising under a mortgage. An entity that finances the purchase of mobile homes must be provided an opportunity to perfect its security interest. In most cases, a mobile home will be affixed to the real property before a certificate of title can be issued. Indeed, under the Bank's argument, it would be futile for a manufactured home seller to track the ultimate location of the home it sold and file a financing statement at the county recorder's office, because a previously filed real estate mortgage covering fixtures would always prevail.

Even though Conseco's lien was not noted on the certificate of title prior to the manufactured home's placement on the real property, Conseco did take the proper steps to perfect its interest pursuant to Indiana Code section 9–17–6–7 within a reasonable time. Conseco's perfected security interest therefore is superior to the Bank's prior mortgage interest. Any other. outcome would result in a windfall to the Bank and an untenable impediment to commerce contrary to the purpose of the Uniform Commercial Code.

## Conclusion

The trial court erred when it granted the Bank's motion for summary judgment. Conseco's security interest has priority over the Bank's because Conseco perfected its security interest pursuant to Indiana Code section 9–17–6–7. We remand to the trial court to enter summary judgment in favor of Conseco.

Reversed and remanded.

BAILEY, J., and BAKER, J., concur.