**GREEN TREE SERVICING, LLC,**
Appellant–Plaintiff,

v.

**AUDITOR AND TREASURER
OF HOWARD COUNTY,**
Appellees–Defendants.

No. 34A02–0608–CV–679.

Court of Appeals of Indiana.

June 6, 2007.

Jacquelyn Thompson, William F. Thompson, Indianapolis, IN, Attorneys for Appellant.

Brian L. Oaks, Lawrence R. Murrell, Kokomo, IN, Attorneys for Appellees.

**OPINION**

BAKER, Chief Judge.

Today we hand this case down along with *Green Tree Servicing, LLC v. Random Antics, LLC, and Auditor and Treasurer of Delaware County,* No. 18A05–0605–CV–233, 2007 WL 1615879 (Ind.Ct. App. June 6, 2007) (*Random Antics* ), which involves the notice requirements of the distribution of surplus funds following a tax sale of real property.

In this case, appellant-plaintiff Green Tree Servicing, LLC (Green Tree), appeals the trial court's grant of appellees-defendants' Howard County Auditor (Auditor) and Howard County Treasurer's (Treasurer) (collectively, the appellees) motion to dismiss Green Tree's claim against the appellees regarding the disbursement of tax

sale surplus funds to a third party following a sale of real estate. As in *Random Antics*, Green Tree argues that its due process rights were violated when it was not given notice of the existence or establishment of a tax sale surplus fund. Thus, Green Tree asserts that the appellees were negligent in distributing the tax sale surplus funds to delinquent taxpayers rather than to the mortgagee of record. Concluding that the appellees' motion to dismiss was properly granted, we affirm the judgment of the trial court.

### FACTS [1]

On November 21, 1997, Green Tree loaned money to John Evans for the purchase of a manufactured home and certain real estate in Howard County. Evans provided Green Tree with security for the purchase money loan in the form of a real estate note and mortgage against the real estate to secure the payment of $77,264.74. The mortgage was recorded on December 10, 1997, in the Howard County Recorder's Office. Sometime in 2002, the real estate taxes became delinquent, and on October 8, 2002, the Howard County Treasurer sold the property to First Liberty National Bank (First Liberty) for a total of $26,000, which satisfied the amount of the delinquent taxes and resulted in a surplus of $22,721.07. Neither the Auditor nor the Treasurer notified Green Tree of the tax sale surplus.

On January 21, 2004, M. Drew Miller—on behalf of himself and Landmark Appraisals, Inc.—submitted a claim to the Auditor for the amount of the surplus. At the time, Miller was acting as attorney in fact for Evans. The appellees did not notify Green Tree that Evans and his agent had submitted a claim for the surplus. Thereafter, on March 8, 2004, the appellees disbursed the surplus funds to Evans. Green Tree's knowledge of the existence and payment of those funds to Evans came only after First Liberty filed a complaint to quiet title to the real estate on April 26, 2004.

On April 15, 2005, Green Tree sued the appellees, alleging that their failure to notify it of the tax sale surplus funds or to notify it that Evans had asserted a claim to the funds before disbursing them was negligent. Moreover, Green Tree asserted that the appellees' actions amounted to an unconstitutional deprivation of property without due process of law.

On August 9, 2005, the appellees moved to dismiss the complaint pursuant to Indiana Trial Rule 12(B)(6) on the ground that in distributing the funds, they followed the proper procedure, which did not require notice to be provided to mortgagees or lienholders. Thus, the appellees asserted that they could not be held negligent in distributing the funds. Moreover, they argued that Green Tree received actual notice of the tax sale from the purchaser.

Following a hearing on April 7, 2006, the trial court granted the appellees' motion to dismiss, concluding that Green Tree's due process rights were not violated and that it received proper notice of the tax sale. The trial court also determined that Green Tree failed to respond and protect its interests in the real estate after receiving notice. In particular, the order stated:

13. Indiana Code section 6–1.1–24–7(b)(1) provides that the owner of record of the real property at the time the tax deed is issued who is divested of ownership by the issu-

---

1. We heard oral argument in this case and *Green Tree Servicing, LLC v. Random Antics and Auditor and Treasurer of Delaware County* in Indianapolis on May 10, 2007. We commend counsel for their able presentations.

ance of a tax deed may file a verified claim for money which is deposited in the tax sale surplus fund. If the claim is approved by the county auditor and the county treasurer, the county auditor shall issue a warrant to the claimant for the amount due.

14. Indiana law does not require the county auditor or treasurer to search for possible claimants or to provide notice to persons before approving the payment of a tax sale surplus. In this case, a proper claim was made for the surplus by [Evans's] agent, and in accordance with the statute, the auditor paid the claim.

15. The court declines to find that Greentree's due process rights were violated here, or that the statute on its face or as applied is unconstitutional. As has been already determined in the quiet title action, Greentree received proper notices of the tax sale and did not respond or otherwise protect its interest here.

Appellant's App. p. 8. Green Tree now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

■■■■ An Indiana Trial Rule 12(B)(6) motion to dismiss tests the legal sufficiency of a claim, and not the facts supporting it. Thus, we review de novo a trial court's grant of a motion to dismiss for failure to state a claim upon which relief can be granted. *Paniaguas v. Endor, Inc.*, 847 N.E.2d 967, 969 (Ind.Ct.App.2006), *trans. denied.* A trial court's grant of such a motion is proper only if the allegations in the complaint are incapable of supporting relief under any set of circumstances. *Id.*

### II. Green Tree's Claims

■■■ As in *Random Antics,* Green Tree claims that its due process rights were violated when the appellees failed to provide it with notice that there were surplus funds from the tax sale of the real estate. Moreover, Green Tree contends that the appellees were negligent "in disbursing the tax sale surplus funds to parties whose rights to the funds were inferior to those of Green Tree." Appellant's Br. p. 12.

Once again, Green Tree argues that Indiana Code section 6–1.1–24–7(b) is unconstitutional. More specifically, Green Tree contends that it was denied due process because the current version of the statute fails to designate mortgagees as claimants, all of whom have a superior right to the surplus funds over that of the delinquent taxpayer. Therefore, Green Tree claims that because it was not notified of the tax sale surplus before the appellees had approved and paid Evans's claim for the funds, an unconstitutional deprivation of property without due process occurred.

Like its argument in *Random Antics,* Green Tree directs us to the holding in *Mennonite Board of Missions v. Adams,* 462 U.S. 791, 798–99, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), for the proposition that "a mortgagee has a legally protected property interest and is entitled to notice reasonably calculated to apprise him of a pending tax sale." Green Tree asserts that its name and address were reasonably ascertainable from the mortgage that was recorded in Howard County. Therefore, Green Tree contends that it should have been provided with notice of the surplus and that the failure to do so resulted in the denial of due process.

Notwithstanding Green Tree's claims, we acknowledged in *Random Antics* that

[O]ur statutes contain an abundance of procedural safeguards with regard to notice requirements when real estate tax sales occur. Specifically, a purchaser of real property that is sold for delinquent taxes initially receives a certificate of sale. Ind.Code § 6–1.1–24–9. The statute triggers a one-year redemption period, during which time the tax sale purchaser is charged with the duty of sending two notices to the property owner and anyone with a "substantial property interest of public record." I.C. § 6–1.1–25–4.5; I.C. § 6–1.1–25–4.6.

The first notice, or "Notice of Tax Sale," announces the occurrence of the sale, the date that the redemption period will expire, and the date on or after which a tax deed petition will be filed. I.C. § 6–1.1–25–4.5. Indiana Code section 6–1.1–24–3 also requires the county to send notice. The second notice, or "Notice of Filing Petition for Tax Deed," affords notice to the property owner and all lienholders that the purchaser has petitioned the court for a tax deed. I.C. § 6–1.1–25–4.6.

*Random Antics,* slip op. at 12.

In this case, Green Tree received the notices described above. Appellant's Reply Br. p. 2. However, as in *Random Antics,* Green Tree took no action to protect its interest in the property after it received the notices. Indeed, Green Tree could have learned additional information about the property by contacting the county. However, it failed to do so. As we observed in *Random Antics:* "[T]he tax sale statutes were not designed to protect those who received actual notice of a tax sale, but then do nothing else to protect their interest in the property." *Random Antics,* slip op. at 13. Thus, we reaffirm our rejection of Green Tree's argument that Indiana Code section 6–1.1–24–7(b) must be declared unconstitutional.

Finally, we note that the Auditor and the Treasurer followed the relevant statutory procedures in distributing the surplus funds. Thus, they were not negligent. For these reasons, we conclude that the trial court properly granted the appellees' motion to dismiss.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.