**GREEN TREE SERVICING, LLC,**
Appellant–Plaintiff,

v.

**RANDOM ANTICS, LLC, and Auditor
and Treasurer of Delaware County,**
Appellees–Defendants.

No. 18A05–0605–CV–233.

Court of Appeals of Indiana.

June 6, 2007.

Jacquelyn Thompson, William F. Thompson, Indianapolis, IN, Attorneys for Appellant.

Brian E. Hicks, Griffin, Hicks & Hicks, Indianapolis, IN, Attorney for Appellees.

## OPINION

BAKER, Chief Judge.

Today, we hand this case down along with *Green Tree Servicing, LLC v. Auditor and Treasurer of Howard County,* 868 N.E.2d 1 (Ind.Ct.App. 2007), which involves the notice requirements of the distribution of surplus funds following a tax sale of real property. In this case, appellant-third-party-plaintiff Green Tree Servicing, LLC (Green Tree) f/k/a Conseco Finance Servicing Corp., appeals the trial court's summary judgment order and quiet title decree in favor of appellee-counterclaim-defendant Random Antics LLC, (Random Antics), and appellees-third-party-defendants the Auditor of Delaware County (Auditor) and the Treasurer of Delaware County (Treasurer) (collectively, the appellees), regarding the right to possession of a mobile home. Specifically, Green Tree claims that the grant of summary judgment in the appellees' favor was erroneous because Green Tree was entitled to possession of the mobile home. Moreover, Green Tree contends that its right to due process was violated when it was not provided with notice of the exis-

tence of tax sale surplus funds or of an individual's claim for the surplus funds. As a result, Green Tree argues that the Auditor and Treasurer negligently disbursed the surplus funds.

We conclude that the trial court erred in granting the appellees' motion for summary judgment with regard to the possession of the mobile home. However, we affirm the trial court's entry of summary judgment as to notice regarding the distribution of the tax sale proceeds, and conclude that the Auditor and Treasurer were not negligent in disbursing those funds. Thus, we reverse in part, affirm in part, and remand this cause to the trial court with instructions to enter judgment for Green Tree with regard to the possession of the mobile home and for further proceedings consistent with this opinion.

*FACTS* [1]

On September 12, 1996, Green Tree loaned funds to James D. Roberson, Jr., and J.D. Roberson (the Robersons) for the purchase of a mobile home and real estate in Muncie. As part of the transaction, the Robersons executed a real estate note (contract) in favor of Green Tree. To secure payment of the contract, the Robersons executed a real estate mortgage and granted a separate security interest to Green Tree in a mobile home located on the real estate. The real estate mortgage, dated September 12, 1996, was recorded on September 20, 1996, in the Delaware County Recorder's Office. Green Tree recorded its lien on the certificate of title to the Robersons' mobile home. On March 20, 1997, the Indiana Bureau of Motor Vehicles (BMV) issued an Indiana Certificate of Title to the Robersons' mobile home, listing the Robersons as owners of

the residence and Green Tree as the only lienholder.

On October 12, 1999, the Treasurer sold the lot because of delinquent taxes to Random Antics's predecessor for $22,000, which more than covered the amount of the delinquent taxes. The sale also produced a surplus of $20,605.89. Neither the Auditor nor the Treasurer notified Green Tree of the existence of the surplus. On August 30, 2001, James Roberson submitted a claim to the Auditor for the tax sale surplus funds. Neither the Auditor nor the Treasurer notified Green Tree that Roberson had submitted a claim.

On November 2, 2001, the Auditor issued a tax deed to Random Antics's predecessor for the lot. The Auditor and the Treasurer approved the Robersons' request for the surplus funds and, on November 19, 2001, the Treasurer issued a check payable to the Robersons—in care of their agent—for the amount of the surplus.

On March 13, 2002, Random Antics's predecessor—DES Capital, LLC—filed a complaint to quiet title to the real estate, naming Green Tree as a defendant by virtue of Green Tree's recorded mortgage on the lots. Green Tree filed a counterclaim, cross-claim, and third-party complaint against the Auditor and the Treasurer, seeking foreclosure of its security interest in the mobile home, a money judgment for the amount owed under the Robersons' contract, a judgment for possession of the mobile home, an order authorizing Green Tree to sell the home, and an order authorizing the BMV to issue a certificate of title to Green Tree. Additionally, Green Tree alleged that the Robersons had unlawfully converted the tax sale

---

**1.** We heard oral argument in this case and *Green Tree Servicing, LLC, v. Auditor and Treasurer of Howard County* in Indianapolis on May 10, 2007. We commend counsel for their able presentations.

surplus funds in violation of Indiana Code section 35–43–4–3.

Green Tree's amended third-party complaint against the Auditor and the Treasurer alleged that their failure to notify Green Tree of the availability of the tax sale surplus funds or of the Robersons' claim for the funds was negligent and amounted to an unconstitutional deprivation of property without due process of law.

Random Antics filed a motion for summary judgment on September 9, 2005, claiming that the mobile home was included in the fee interest that passed to its predecessor by the issuance of the tax deed to the real estate. In essence, Random Antics asserted that it was entitled to a judgment as a matter of law because the mobile home was an appurtenance to the real estate, was taxed as real estate, and was permanently affixed to the realty. Appellant's Br. p. 22. The Auditor and the Treasurer also moved for summary judgment, alleging that they were entitled to judgment as a matter of law because, in disbursing the funds, they had followed the statutory procedures, which did not require notice to be provided to mortgagees or lienholders. They also argued that because Green Tree had received notice of the tax sale from the tax sale purchaser, there was no further duty requiring the Auditor or the Treasurer to notify Green Tree about the tax sale surplus funds. Therefore, the appellees asserted that the due process notice requirements were satisfied.

On April 13, 2006, the trial court entered an order granting summary judgment and a quiet title decree in favor of Random Antics and denying Green Tree's cross-motion for summary judgment on the issue of the right to possession of the mobile home. The trial court determined that because the mobile home was taxed as real estate, it was included in the fee interest to the land that passed to Random Antics's predecessor via the tax deed.

On June 8, 2006, the Delaware Circuit Court entered summary judgment for the Auditor and the Treasurer and denied Green Tree's cross-motion for summary judgment. In its ruling, the trial court acknowledged that, as mortgagee, Green Tree has a substantial property interest in the Roberson real estate. However, it concluded that Green Tree received notice of the Roberson tax sale, which satisfied due process requirements, that Green Tree failed to file a claim for the surplus funds from the sale, that Green Tree's recorded mortgage did not provide a legal description specific enough to give the Auditor and the Treasurer notice of Green Tree's interest in the tax sale, and that the Auditor and the Treasurer followed the statutory procedure in issuing the tax sale surplus funds to the Robersons. Green Tree now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

When reviewing a grant or denial of summary judgment, our well-settled standard of review is the same as it is for the trial court: whether there is a genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows that there is no genuine issue of material fact and the moving party deserves judgment as a matter of law. All evidence must be construed in favor of the opposing party, and all doubts as to the existence of a material issue must be resolved against the moving party. *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 973 (Ind.2005). The fact that the parties made

cross-motions for summary judgment does not alter our standard of review. Instead, we must consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Hartford Acc. & Indem. Co. v. Dana Corp.*, 690 N.E.2d 285, 291 (Ind.Ct.App. 1997).

## II. Green Tree's Claims

### A. Mobile Home

■ Green Tree first contends that the trial court's grant of summary judgment in the appellees' favor on the claim for possession of the mobile home was erroneous. Specifically, Green Tree argues that the mobile home was personal property and, therefore, it should not have been included in the fee interest that passed to Random Antics's predecessor through the real estate tax deed.

In resolving this issue, we first note that Indiana Code section 6–1.1–1–11(a)(4) provides that "personal property" means "motor vehicles [and] mobile homes." Additionally, a mobile home means a dwelling which:

(1) is factory assembled;

(2) is transportable;

(3) is intended for year around occupancy;

(4) exceeds thirty-five feet in length; and

(5) is designed either for transportation on its own chassis or placement on a temporary foundation.

I.C. § 6–1.1–1–7–1. Despite these definitions, the appellees direct us to *Budnick v. Indiana National Bank*, 165 Ind.App. 457, 333 N.E.2d 131 (1975), for the proposition that the mobile home was real property because "the property assessed and the property conveyed via a tax deed must be identical to the property interest assessed to the delinquent taxpayer." Appellees' Br. p. 14 (citing *Budnick*, 333 N.E.2d at

133). However, *Budnick* involved the existence of a pipeline easement, and an easement is real property that runs with the land. 333 N.E.2d at 136. In contrast, the mobile home in this case was separately titled and could be removed from the land. Thus, the rule announced in *Budnick* is inapplicable in these circumstances.

The designated evidence established that Green Tree had a valid perfected security interest in the mobile home. The certificate of title to the mobile home established the Robersons as owners of the mobile home and Green Tree as the sole lienholder. Indeed, Random Antics had no lien or any other interest recorded on the certificate of title to the mobile home. The language in the tax sale record, notice of tax sale, the tax deed, and the quitclaim deed to the property refer only to "real property with the appurtenances belonging thereto," and there is no reference to the mobile home. However, the appellees contend that summary judgment was properly entered in their favor because the mobile home was assessed and taxed as real property in accordance with 50 Indiana Administrative Code section 3.1–1–2, which provides that

> [a] mobile home placed on land owned by the mobile home owner or on land by another with a permanent foundation thereunder as defined in this Regulation shall be deemed real property, assessed as such and subject to all laws applicable to real property assessment and taxation.

■ Notwithstanding this regulation, the appellees have not established that the assessment of a mobile home for tax purposes changes the character of the mobile home from personal property to real property. Additionally, the appellees have cited no authority—and we have found none—suggesting that a mobile home ini-

tially designated as personal property is subject to conveyance by a tax deed merely because a taxing authority has assessed the mobile home for tax purposes as part of the real estate that is ultimately sold at a tax sale. Moreover, Indiana Code section 6–1.1–1–15 defines real property as

(1) Land located within this state;

(2) A building or fixture situated on land located within this state;

(3) An appurtenance to land located within this state; and

(4) An estate in land located within this state, or an estate, right or privilege in mines located on or minerals, including but not limited to oil or gas, located in the land, if the property, right or privilege is distinct from the ownership of the surface of the land.

Before a certain item of personal property can be said to have become a fixture so as to be included in the definition of real property, the following elements must exist: (1) annexation of the article to the land; (2) adaptation of the article to the use of the land; and (3) an intention that the article become a permanent part of the freehold. *Empire Gas of Rochester, Inc. v. State*, 486 N.E.2d 1036, 1039 (Ind.Ct. App.1985). Even more compelling, if an item of property can be removed without material injury to the premises, the property is ordinarily regarded as personalty. *Id.*

In this case, the designated evidence established that the mobile home sits on a noncontinuous series of concrete posts and rests on a skirting of cinder blocks. The home is constructed in two halves on independent steel frames, which can be separated if each side is jacked up and rolled off the premises. Appellant's App. p. 262. In essence, the undisputed evidence establishes that the mobile home could be removed from the real estate and transported to another location at any time without

material damage to the real estate. *Id.* Thus, the appellees cannot successfully claim that the mobile home was a "building or fixture situated on [the] land" as required by the statutory definition.

As noted above, a mobile home is "personal property" pursuant to Indiana Code section 6–1.1–1–11(a)(4). Moreover, Indiana only recognizes an interest in a mobile home that is recorded on its certificate of title issued by the Indiana Bureau of Motor Vehicles. Ind.Code § 9–17–6–1 *et seq.* Also, in accordance with Indiana Code section 9–17–6–7, "A security agreement covering a security interest in a mobile home that is not inventory held for sale may only be perfected by indicating the security interest on the certificate of title or duplicate certificate of title for the mobile home issued by the [Bureau of Motor Vehicles]." *See Conseco Fin. Servicing Corp. v. Old National Bank,* 754 N.E.2d 997, 1001–02 (Ind.Ct.App.2001).

Apparently recognizing that problems might indeed arise with respect to the title of a mobile home when it is placed on real estate that is subsequently sold, our General Assembly enacted the "detitling" statute in 2003, which provides in relevant part that "a person who holds a certificate of title ... for a mobile home that is attached to real estate by a permanent foundation may apply for an affidavit of transfer to real estate with the [Bureau of Motor Vehicles]." Ind.Code § 9–17–6–15.1. Inasmuch as the detitling statute did not become effective until 2003, and the sale of the property at issue herein occurred in 1999 and the deed was issued in 2001, the statute has no applicability. However, it is apparent from the enactment of this statute that our legislature has continued to follow the common law notion that mobile homes should be treated as personalty. Such is compelling evidence of the intent to treat mobile homes

as personal property unless the statutory procedures are followed and the title holder manifests his or her intent to transfer the mobile home from personal property to real property.

■ Finally, we reject the appellees' argument that the mobile home should be considered real property because it qualified as an appurtenance to the land under Indiana Code section 6–1.1–1–15. This court has determined that an appurtenance is not a building or fixture but, rather, a burden such as an easement, right-of-way, or covenant that is attached to a piece of land that benefits or restricts the owner of such land in his use and enjoyment thereof. *Consol. Coal Co. v. Mutchman*, 565 N.E.2d 1074, 1083 (Ind.Ct. App.1990).

In sum, we conclude that the mobile home was personal property and should not have been included in the transfer of the Roberson real estate at the tax sale. Hence, the Robersons' default on the contract with Green Tree entitled Green Tree to possession of the mobile home by virtue of its recorded lien on the certificate of title to that property. Therefore, we reverse the trial court's entry of summary judgment for the appellees on this issue and remand with instructions that the trial court enter judgment for Green Tree on its claim for possession of the mobile home.

### B. Notice—Tax Sale Surplus Funds

■ Green Tree next contends that it was denied due process of law because the Auditor and the Treasurer failed to provide it with notice that there was a surplus of funds following the tax sale. Because of this lack of notice, Green Tree maintains that the trial court was obligated to conclude that the Auditor and the Treasurer negligently disbursed the surplus funds as a matter of law.

We first note that Indiana Code section 6–1.1–24–7(a) requires a county treasurer to deposit a surplus into a "tax sale surplus fund." Prior to the July 1, 2001 amendment, subsection (b) of the statute provided that surplus funds could be claimed by either (1) the owner of record of the property sold for delinquent taxes; (2) a tax sale purchaser upon redemption; or (3) a person with a substantial property interest of public record. However, subsection (b) was amended to exclude all references to "a person with a substantial property interest of public record."

In essence, Green Tree contends that the statute is unconstitutional because it fails to designate mortgagees as claimants—all of whom allegedly have a superior right to the surplus funds over that of the delinquent taxpayer. Hence, because the statute designates claimants of surplus funds without requiring notice to mortgagees and other lienholders to receive notice of the funds' existence, Green Tree maintains that it was denied due process of law. As a result, Green Tree maintains that the payment of the surplus funds to the Robersons constituted negligence, which amounted to an unconstitutional deprivation of property without due process of law.

In support of its argument, Green Tree directs us to the following language in *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 798, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983):

[P]rior to an action which will affect an interest in life, liberty, or property protected by the Due Process Clause of the Fourteenth Amendment, a State must provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Mullane v. Central Hanover Bank & Trust Co.*,

(1950), 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865.

Notwithstanding Green Tree's claims, we note that our statutes contain an abundance of procedural safeguards with regard to notice requirements when real estate tax sales occur. Specifically, a purchaser of real property that is sold for delinquent taxes initially receives a certificate of sale. Ind.Code § 6–1.1–24–9. The statute triggers a one-year redemption period, during which time the tax sale purchaser is charged with the duty of sending two notices to the property owner and anyone with a "substantial property interest of public record." I.C. § 6–1.1–25–4.5; I.C. § 6–1.1–25–4.6.

The first notice, or "Notice of Tax Sale," announces the occurrence of the sale, the date that the redemption period will expire, and the date on or after which a tax deed petition will be filed. I.C. § 6–1.1–25–4.5. Indiana Code section 6–1.1–24–3 also requires the county to send notice. The second notice, or "Notice of Filing Petition for Tax Deed," affords notice to the property owner and all lienholders that the purchaser has petitioned the court for a tax deed. I.C. § 6–1.1–25–4.6.

Here, it is undisputed that Green Tree received both required notices under the statutes. Although Green Tree argues that its name and address were "reasonably ascertainable from the mortgage recorded in Delaware County," appellant's br. p. 44, Green Tree took no action to protect its property interest in the land after receiving the notices. Random Antics's predecessor sent notices of the tax sale to Green Tree, and service was obtained on Green Tree in the quiet title action so Green Tree could answer with regard to its interest in the Roberson real estate by virtue of its recorded mortgage. Upon receiving the first notice, Green Tree could have learned any additional informa-

tion by contacting the county. However, no such communication occurred. In our view, the tax sale statutes were not designed to protect those who receive actual notice of a tax sale but do nothing further to protect their interests in the property. Hence, we reject Green Tree's claim that Indiana Code section 6–1.1–24–7(b) is unconstitutional.

We also note that neither the Treasurer nor the Auditor were made aware by Green Tree of any information regarding the mortgage payoff until the surplus had already been distributed. In essence, it is apparent that our legislature has sought to reduce the burden on the county and has simply placed the responsibility upon "interested parties" to convince the trial court that they are entitled to a share of the surplus. Because the Auditor and the Treasurer followed the relevant statutory procedures when they distributed the surplus funds, they were not negligent. As a result, we conclude that the trial court properly granted the appellees' motion for summary judgment with respect to this issue.

## CONCLUSION

In light of our discussion above, we reverse the trial court's grant of summary judgment for the appellees with regard to the possession of the mobile home. However, we affirm the trial court's entry of summary judgment as to the notice regarding the distribution of the tax sale proceeds, and conclude that the Auditor and the Treasurer were not negligent in disbursing those funds.

The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions to enter judgment for Green Tree with regard to the possession of the mobile home and for

further proceedings consistent with this opinion.

FRIEDLANDER, J., and BAILEY, J., concur.