Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 09 2013, 8:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**P. STEPHEN MILLER**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DARNELL TINKER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1112-CR-587 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
Cause No. 02D05-1108-FB-193

**April 9, 2013**

**MEMORANDUM DECISION ON REHEARING – NOT FOR PUBLICATION**

**NAJAM, Judge**

On July 25, 2012, we affirmed Tinker's conviction for unlawful possession of a firearm by a serious violent felon ("SVF") and his sentence as an habitual offender in a memorandum decision. On July 31, 2012, the Indiana Supreme Court, in Dye v. State, held than an SVF cannot have his sentence enhanced under the general habitual offender statute. Dye v. State, 972 N.E.2d 853, 855, 858 (Ind. 2012). On August 15, 2012, Tinker filed a petition for rehearing in which he asserted that the holding in Dye applied retroactively to his appeal. We held Tinker's petition in abeyance while the State sought rehearing in Dye.

On March 21, 2013, the Indiana Supreme Court issued its opinion on rehearing in Dye. In its opinion on rehearing, the court clarified that its earlier holding was not intended to break new ground but, rather, was simply an application of the law announced in Mills v. State, 868 N.E.2d 446 (Ind. 2007). Dye v. State, ___ N.E.2d ___, slip op. at 3-4 (Ind. Mar. 21, 2013) (opinion on rehearing). Specifically, the court clarified that an SVF conviction enhanced by an habitual offender adjudication is impermissible only when the same underlying offense, or an underlying offense within the res gestae of another underlying offense, is used to establish both the SVF status and the habitual offender status. Id. at 5-6.

Mills is established law and was available to Tinker at the time he filed his initial brief on direct appeal, but Tinker did not argue that Mills or related law applied in his appeal. "[I]t is well established that 'any question not argued on appeal cannot be raised for the first time in a petition for rehearing.'" Carey v. Haddock, 881 N.E.2d 1050, 1050 (Ind. Ct. App. 2008) (quoting Brockman Enters. LLC v. City of New Haven, 868 N.E.2d

2

1130, 1132 (Ind. Ct. App. 2007), <u>trans. denied</u>), <u>trans. denied</u>.  Tinker's argument in his petition on rehearing that <u>Mills</u> or related law should be applied to him is waived.  <u>See</u> <u>Shepherd v. State</u>, ___ N.E.2d ___, slip op. at 3 (Ind. Ct. App. April 8, 2013) (opinion on rehearing).

Tinker's waiver notwithstanding, our review of the record available on direct appeal demonstrates that Tinker stipulated to his SVF status based on a 1989 conviction for armed robbery, and he was subsequently adjudicated as an habitual offender based on a 1976 conviction for armed robbery and a 1987 Class C felony forgery conviction. There is no reason for this court to believe that any one of those three underlying felonies is in any way related to the other.

Accordingly, we grant Tinker's petition for rehearing and affirm our prior decision.

RILEY, J., and DARDEN, Sr.J., concur.