

FILED

May 08 2023, 8:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Devun York,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 8, 2023<br><br>Court of Appeals Case No.<br>22A-CR-2214<br><br>Appeal from the<br>Marion Superior Court<br><br>The Honorable<br>Grant W. Hawkins, Judge<br><br>Trial Court Cause No.<br>49D31-2201-F5-2850 |

**Opinion by Senior Judge Shepard**
Judges Pyle and Tavitas concur.

**Shepard, Senior Judge.**

[1] Devun York challenges the trial court's order denying his motion to dismiss a charge which alleged he was in possession of a machine gun in violation of Indiana Code section 35-47-5-8 (2014). In this interlocutory appeal, we are asked to determine whether: (1) the facts set forth in the charge constitute a crime; and, (2) whether the statute defining a machine gun is unconstitutionally vague under the United States and Indiana constitutions. We affirm.

## Facts and Procedural History

[2] The facts as developed thus far reveal that on January 25, 2022, Indianapolis Metropolitan Police Department officers executed an arrest warrant for Anthony York on felony and misdemeanor charges in another case at the apartment where they believed Anthony was located. When they instructed the occupants to exit, Devun York and two other men came outside.

[3] Officers heard water from a running shower and smelled the odor of burnt marijuana emanating from the apartment. They entered to determine if any other persons, including Anthony, remained in the apartment. When they saw evidence of drug use on a kitchen counter, they left the apartment and applied for a search warrant for drugs. While executing that warrant, they observed firearms, and they applied for another search warrant related to the firearms.

[4] During the search for firearms, the detectives located a .9mm-caliber Glock 19 pistol with a loaded magazine holding a total of twenty-two rounds of live ammunition underneath a mattress. One of the detectives, who is an ATF firearms liaison officer, saw the Glock had a device called a "switch" installed

on the rear of the pistol's slide. App. Vol. II, p. 14. The "switch" converts the semiautomatic Glock 19 pistol to fire in a fully automatic mode. *Id.* Forensic testing of this Glock 19 pistol with "full auto device" was conducted "in both selective positions and resulted in full automatic fire in both." Tr. Vol. II, p. 26; Exhibit Vol. I, p. 4, State's Exhibit 1.

[5] The State charged York on January 31, 2022 with one count of Level 5 felony possession of a machine gun, and one count of Class B misdemeanor possession of marijuana. York filed a motion to dismiss, and the court held a hearing on the motion. At the hearing, both parties stipulated that if the "switch" device was removed, the Glock 19 pistol would only fire semi-automatically and would not be a machine gun under Indiana law. Tr. Vol. II, pp. 26-27. The court denied York's motion to dismiss, York moved to certify the court's order for interlocutory appeal, and this appeal ensued.

## Discussion and Decision

### Standard of Review

[6] The trial court denied York's motion to dismiss, and we generally review that denial for an abuse of discretion. *See Lebo v. State*, 977 N.E.2d 1031 (Ind. Ct. App. 2012). However, this ruling on a motion to dismiss depends on questions of the constitutionality of a statute and statutory interpretation, both of which are questions of law we review under a de novo standard. *See Church v. State*, 189 N.E.3d 580 (Ind. 2022).

## I. Do the facts state a crime?

[7] York was charged with Level 5 felony possession of a machine gun. Ind. Code § 35-47-5-8. "Machine gun" is statutorily defined as: "a weapon that: (1) shoots; or (2) can be readily restored to shoot; automatically more than one (1) shot, without manual reloading, by a single function of the trigger." Ind. Code § 35-31.5-2-190 (2012).

[8] York says, "the facts alleged in the information—a handgun 'equipped with a switch device'—do not constitute the offense of possession of a 'machine gun.'" Appellant's Br. p. 7. He observes that his Glock pistol is a "handgun" as defined by Indiana Code section 35-47-1-6 (1983), and that the Glock-switch device is classified as a "firearms accessory" by Indiana Code section 35-47-1-5.1 (2011), but argues "possessing a firearm with an accessory" is not a criminal offense. *See* Appellant's Br. p. 10-11. He also argues that because the statutory definition of "machine gun" does not contain terms such as "adapt" or "convert" as used in the firearm and handgun statutes respectively, but, rather, includes language that it can be "readily restored," the legislature did not intend for the definition of "machine gun" to include "devices that have been adapted or converted by accessories." Appellant's Br. p. 12.

[9] We believe the straightforward language of Indiana Code section 35-31.5-2-190 focuses on what the gun can do, and in this case, under subsection (1), the gun can shoot "automatically more than one (1) shot, without manual reloading, by a single function of the trigger." Ind. Code §35-31.5-2-190. And we need not address York's arguments under subsection (2) as the statute is written in the

disjunctive. Thus, we agree with the trial court's conclusion that the charge states a crime.

## II. Vagueness Challenges Under the United States and Indiana Constitutions

### *Standard of Review*

A challenge to the validity of a statute must overcome a presumption that the statute is constitutional. *State v. Lombardo*, 738 N.E.2d 653 (Ind. 2000). The party challenging the statute has the burden of proving otherwise. *Jackson v. State*, 634 N.E.2d 532 (Ind. Ct. App. 1994).

The "analysis of a due process vagueness challenge under the Indiana Constitution and the U.S. Constitution is identical, and the Indiana courts rely on the same cases and standards in ruling on these challenges." *Whatley v. Zatecky*, 833 F.3d 762, 771 (7th Cir. 2016) (citing *e.g.*, *Brown v. State*, 868 N.E.2d 464 (Ind. 2007)).[1] "A criminal statute may be invalidated for vagueness for either of two independent reasons: (1) for failing to provide notice enabling ordinary people to understand the conduct that it prohibits, and (2) for the possibility that it authorizes or encourages arbitrary or discriminatory enforcement." *Brown*, 868 N.E.2d at 467 (citing *City of Chicago v. Morales*, 527

---

[1] Though Indiana courts consistently have analyzed Indiana constitutional vagueness claims under the same analysis as that used for the federal constitution, we acknowledge our Supreme Court's observation in *Tiplick v. State*, 43 N.E.3d 1259 (Ind. 2015) that our Supreme Court "has never *held* that the same analysis applies to both." 43 N.E.3d at 1262 n. 2 (emphasis added). And to the extent that York suggests that we should employ a "higher scrutiny" for his claim under our state constitution, we decline to do so in keeping with the line of state cases using the federal analysis for vagueness claims.

U.S. 41, 56 (1999)). Further, "'it is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.'" *Davis v. State*, 476 N.E.2d 127, 130 (Ind. Ct. App. 1985) (quoting *U.S. v. Mazurie*, 419 U.S. 544, 550 (1975)), *trans. denied*.

[12] York presents arguments, citing both of the *Brown* decision's independent reasons, as support for his claim that the machine gun statute is unconstitutionally vague. More specifically, he claims the language of the machine gun statute "is vague because 'there must be something **in a criminal statute** to indicate where the line is to be drawn . . . . It cannot be left to juries, judges, and prosecutors to draw such lines." Appellant's Br. p. 15 (citing *Brown*, 868 N.E.2d 464 (quoting *State v. Downey*, 476 N.E.2d 121, 123 (Ind. 1985) (emphasis added)). York also suggests that the statute allows "'the possibility that it authorizes or encourages arbitrary or discriminatory enforcement,'" Appellant's Br. pp. 15-16 (quoting *Brown*, 868 N.E.2d at 467), though he connects that claim with his notice argument and does not make a separate claim about discriminatory or arbitrary enforcement here.

[13] The first Indiana case to address the possession of a Glock with a switch was *A.W. v. State*, 192 N.E.3d 227 (Ind. Ct. App. 2022), involving a different kind of facts from the present case, but addressing knowledge that the weapon was a machine gun. In *A.W.*, the juvenile did not dispute his possession of the weapon; rather, he disputed his knowledge that it was a machine gun. The Glock in that case similarly had a switch attached that converted it from a

semiautomatic weapon to a machine gun. We held that knowledge and intent are mental states, and absent an admission by the defendant, are established by resort to reasonable inferences drawn from direct and circumstantial evidence. *Id.* at 231. In that case, the juvenile's flight from law enforcement, led to the inference that he knew he was in possession of a machine gun, and on appeal, we declined to reweigh the evidence, affirming the adjudication. *Id.*

[14] "A statute will not be found unconstitutionally vague if individuals of ordinary intelligence would comprehend it adequately to inform them of the proscribed conduct." *Lombardo*, 738 N.E.2d at 656. Here, the machine gun statute, as examined in light of the facts of the case at hand, notifies the public and law enforcement officers that if a gun shoots "automatically more than one (1) shot, without manual reloading, by a single function of the trigger," Ind. Code § 35-31.5-2-190, then it is a machine gun. Forensic testing of this particular gun established that the switch converts the semiautomatic Glock 19 pistol to fire in a fully automatic mode, or more than one shot without manual reloading when fired.

[15] Further, though the argument presented on appeal is that there is a possibility of arbitrary or discriminatory enforcement of the machine gun statute, there is no discretion involved in this forensic determination, and its firing capability would be readily apparent to those in possession of a machine gun and to those enforcing the statute. And unlike the loitering statutes and ordinances at issue in *Kolender v. Lawson*, 461 U.S. 352 (1983) and *City of Chicago v. Morales*, 527 U.S. 41 (1999), this statute provides both notice of the prohibited conduct and

guidance as to its enforcement. The gun either fires more than one shot automatically without reloading, or it does not. Thus, the statute sufficiently provided notice to York that the gun was a machine gun and forensic determinations are not discretionary determinations nor are they arbitrarily applied.

[16] Additionally, York seems to argue that the statute is vague because it does not tell him that the use of firearms accessories to make a gun a machine gun is prohibited. Appellant's Br. p. 15. However, the focus of the machine gun statute is on what the gun can do, not on how or when it is made. And Indiana Code section 35-31.5-2-190 makes clear that York's gun was a machine gun. Thus, his comparison of the language in Indiana Code section 35-47-2-7(a) (2019), involving prohibited sale or transfer of ownership of handguns and machine guns, is inapposite.

[17] Because we use the same analysis in determining whether the statute is vague under the federal and state constitutions, we conclude that York has not met his burden of overcoming the presumption that the machine gun statute is constitutional. The statute is not unconstitutionally vague.

## Conclusion

[18] The trial court did not err by concluding that the facts of the case state a crime or by concluding that the machine gun statute is not impermissibly vague under the federal and state constitutions.

[19] We affirm.

Pyle, J., and Tavitas, J., concur.